```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| LEONITUS JABIR BEY,[1] | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   C.A. No. 19-10219-PBS |
| | ) |
| COMMONWEALTH OF MASSACHUSETTS, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

**March 18, 2019**

Saris, C.J.

For the reasons stated below, the Court (1) denies the plaintiff's motion for leave to proceed in forma pauperis.

**I.   Background**

On February 1, 2019, pro se litigant Leonitus Jabir Bey, who identifies himself as "Moorish American National" and a citizen of Morocco, has filed a lawsuit against the Commonwealth of Massachusetts, the City of Lowell, Massachusetts Governor Baker, and others.  Bey's claim appears to arise from his arrest on January 22, 2019 in Lowell, Massachusetts.  Bey asserts that that, because he is a "Moorish American" national and not a citizen of the United States, the Commonwealth of Massachusetts

---

[1] The plaintiff submitted with his complaint documents from the criminal prosecution against him in the Lowell District Court. In the criminal complaint, the Commonwealth identifies him as Leon J. Campbell.  See Compl. Ex. A-9 (ECF No. 1-1 pp. 21-22).

does not have any jurisdiction to prosecute him.  Bey maintains that, upon learning he was a Moorish American national, local authorities were obligated to notify Governor Baker of Bey's status as a Moorish American national, who, "pursuant to 28 USC § 1332(a)(1)(2), [was] to immediately inform the Federal Government of the issue of diversity and [state officials] were in contact with a national foreign to their jurisdiction."  Compl. at 6.

Bey filed a motion for leave to proceed *in forma pauperis* using a form provided by the Court.  However, instead of providing any information about his financial circumstances, he asserts that he is not obligated to disclose private information.  Bey also believes that cannot be asked to pay the filing fee in United States dollars because "all obligations of the Federal Reserve note belong to the United States."  Mot. at 1.  He makes a "counter offer" of "1 troy oz. .999 silver coin," "valued at $598."

**II.  Discussion**

    **A.**   **Motion for Leave to Proceed *in Forma Pauperis***

Under 28 U.S.C. § 1915, a person seeking to proceed *in forma pauperis* must submit an affidavit that includes "a statement of all assets such [person] possesses."  28 U.S.C. § 1915(a)(1).  Here, Bey has not provided any information about

his financial circumstances. He is not obligated to disclose his income and assets to the Court if he pays the $400 filing fee. If, however, he asks the Court to allow him to proceed without prepayment of the filing fee, he must provide the information that would permit the Court to determine whether he is eligible for in forma pauperis status.

**B.   Screening of the Complaint**

Although the Court will not conduct a thorough review of the complaint under 28 U.S.C. § 1915(e)(2) unless and until the plaintiff is allowed to proceed in forma pauperis, the Court notes two aspects of its jurisdiction in relation to Bey's action. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004) (stating that a court has an obligation to inquire sua sponte into its own jurisdiction).

Subject matter jurisdiction concerns the types of cases that a federal district court has the power to adjudicate, or, in other words, a court's "power to issue [an] order." U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 77 (1988). "'Federal courts are of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian of Life Ins. Co. of Amer., 511 U.S. 375, 377 (1994)). The requirement of subject matter jurisdiction

3

cannot be waived by the parties, and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Congress has given federal district courts original jurisdiction over civil claims arising under federal law, see 28 U.S.C. § 1331, and civil claims between parties of diverse citizenship where the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332").

Section 1332 only concerns the jurisdiction of a federal court over civil matters. It has no bearing on criminal procedures in federal or state court. Thus, to the extent that Bey claims that the defendants violated his rights under § 1332, his claim fails because § 1332 concerns the Court's subject matter jurisdiction, not substantive rights of a litigant.

Moreover, the Court will decline to exercise jurisdiction over any claim concerning the state court's jurisdiction to prosecute Bey. "[F]ederal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" In re Justices of Superior Court Dept. of Mass. Trial Court, 218 F.3d 11, 16 (1st Cir. 2000) (quoting Younger v. Harris, 401 U.S. 37, 46 (1971)). Under the principal of Younger abstention, federal courts "abstain from interfering

with state court proceedings even where defendants claim violations of important federal rights." Id. at 17.

### III. Conclusion

Accordingly, the motion for leave to proceed in forma pauperis is DENIED. If Bey wishes to proceed with this action, he must, **no later than Monday, April 8, 2019**, either pay the $400 (USD) filing fee or file a renewed motion for leave to proceed in forma pauperis in which Bey provides a complete statement of all of his income and assets. Failure to comply with this order will result in dismissal of this case without prejudice.

SO ORDERED.

/s/ Patti B. Saris_____
PATTI B. SARIS
CHIEF, U.S. DISTRICT JUDGE