```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS

LEONITUS JABIR BEY,             )
                                )
        Plaintiff,              )
                                )
        v.                      )   C.A. No. 19-10219-PBS
                                )
COMMONWEALTH OF MASSACHUSETTS,  )
et al.,                         )
                                )
        Defendants.             )
```

**ORDER**

**July 1, 2019**

Saris, C.J.

Upon review of the plaintiff's renewed motion for leave to proceed in forma pauperis [ECF No. 6] and his response to the Court's order [ECF No. 7], the Court orders as follows:

1. The motion for leave to proceed in forma pauperis is GRANTED.

2. All claims except those against David Allen Pender are dismissed without prejudice. All defendants other than Pender shall be terminated as parties to this action.

The Court has, pursuant to 28 U.S.C. § 1915(e)(2) and its duty to examine its own jurisdiction, conducted and an initial review of the complaint. As the Court explained in its March 18, 2019 memorandum and order [ECF No. 5], under the doctrine of Younger abstention, the Court declines to exercise jurisdiction over any claim concerning the state criminal prosecution against

the plaintiff. The only possible claims the Court can discern over which it could exercise jurisdiction are claims against Pender for violations of Bey's rights under the Fourth Amendment of the United States Constitution. Claims that a police officer's arrest was unlawful or the officer's use force was excessive may be brought under 42 U.S.C. § 1983. This statute allows a private person to bring a lawsuit against a "state actor" (e.g., an on-duty police officer) for violating the plaintiff's rights under the United States Constitution.

Thus, the Court will treat Bey's claim that Pender unlawfully arrested him and used excessive force against him as claims under 42 U.S.C. § 1983 for violations of his rights under the Fourth Amendment. These claims are the only claims to which Pender is required to respond.

3. The Clerk shall issue a summons for Pender and the plaintiff shall serve the summons, complaint, and this order upon the Pender in accordance with Rule 4 of the Federal Rules of Civil Procedure.

4. Because the plaintiff is proceeding in forma pauperis, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If so asked by the plaintiff, the USMS shall serve a copy of the summons, complaint, and this order upon

defendant Pender as directed by plaintiff. The plaintiff is responsible for providing the USMS all copies for service and for completing a USM-285 form for service on Pender. The Clerk shall provide the plaintiff with forms and instructions for service by the USMS.

    5. The plaintiff shall have 90 days from the date of the issuance of the summons to complete service. Failure to complete service within 90 days may result in dismissal of the action. See Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

    SO ORDERED.

                                    /s/ Patti B. Saris_____
                                    PATTI B. SARIS
                                    CHIEF, U.S. DISTRICT JUDGE