Volume: 2 of 2
Pages: 44
Exhibits: 0

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX, SS                          LOWELL DISTRICT COURT
                                       CRIMINAL DIVISION

* * * * * * * * * * * * * * * *
                               *
COMMONWEALTH OF MASSACHUSETTS  *
                               *
     Plaintiff,                *
                               *
v.                             * Docket No. 1911CR000365
                               *
LEON J. CAMPBELL,              *
                               *
     Defendant.                *
                               *
* * * * * * * * * * * * * * * *

TRANSCRIPT OF JURY TRIAL
BEFORE HONORABLE JUDGE JOHN F. COFFEY

APPEARANCES:

For the Commonwealth:
Tucker DeVoe, Esq.
Middlesex County District Attorney's Office
151 Warren Street
Lowell, MA 01852

For the Defendant:
Pro Se

                              Lowell, Massachusetts
                              September 4, 2019

TRANSCRIBED BY:  Eileen Dhondt, CET-807

          Proceedings recorded by electronic sound
     recording, transcript produced by transcription service.

AEQUUM LEGAL TRANSCRIPTION SERVICES
480-241-2841

INDEX
September 4, 2019

FTHE COURT:                                          PAGE:

Jury Charge                                          6
Verdict                                              29
Sentencing                                           37

1                              PROCEEDINGS

2          (Proceedings commence at 9:40 a.m.)

3          THE CLERK:  Commonwealth v. Leon Campbell, case on trial.

4          MR. DEVOE:  Commonwealth.

5          THE COURT:  Attorney DeVoe.

6          MR. DEVOE:  Good morning, Your Honor.

7          THE COURT:  Have you seen Mr. Campbell?

8          MR. DEVOE:  I saw him out in the hallway, Your Honor.

9          THE COURT:  Okay.

10         COURT OFFICER:  Leon Campbell.  Calling your case, sir.

11   Approach the table, please.

12         (Pause)

13         THE COURT:  Good morning, sir.

14         MR. BEY:  Good morning.

15         THE COURT:  All right.  Just so everybody else knows what's

16   going on, I have -- I have to instruct the jury.  Jury is coming

17   back.  I'm going to give final instructions, so if you want to

18   leave, you can leave now.  I just ask, don't do it during my

19   final instructions.  So if you stay, you'd be disappointing me

20   if you got up and left.  I take it personally.

21         Attorney DeVoe, Mr. Bey, are we ready to bring the jury in?

22         MR. DEVOE:  Your Honor, there's just one additional

23   matter --

24         THE COURT:  Oh, sure.

25         MR. DEVOE:  -- of instruction that I'd like to --

1       THE COURT:  Sure.  Okay.

2       MR. DEVOE:  -- speak about.

3       THE COURT:  Yep.

4       MR. DEVOE:  I'm submitting a slightly modified version of

5  those nolle prose instructions.

6       THE COURT:  Okay.

7       MR. DEVOE:  Just for the Court's consideration.

8       THE COURT:  Sure.

9       MR. DEVOE:  It's identical that -- the second paragraph of

10  my proposal is identical to the normal instruction.  The first

11  paragraph just explains to the jury that a defendant may choose

12  to hire counsel, to have appointed counsel, or proceed by

13  themselves.

14       My only concern is that the jury might -- might think

15  that --

16       THE COURT:  Well, okay.

17       MR. DEVOE:  -- the defendant isn't free to choose how he

18  wants to represent, so --

19       THE COURT:  All right.  So it's an instruction I have to

20  give the jury when they're represented by -- when self -- when

21  the individual represents -- I just have to let them know that

22  you have a right to represent yourself, and whether you

23  represent yourself or not has no bearing on whether you are

24  guilty or not guilty.  They are not to use that in their

25  deliberations or consider it at all.

1      So what I'm going to do is I'm going to strike out the
2  "unable to afford".
3      MR. DEVOE:  Sure.
4      THE COURT:  I don't think that should even --
5      MR. DEVOE:  Yep.
6      THE COURT:  -- be a consideration.
7      MR. BEY:  And -- and that word "defendant".  Everyone has
8  to be a defendant to be able to represent himself.  I have a
9  case I'm representing myself in --
10     THE COURT:  Well, no.  No.  Sir, you've raised a valid
11 point.  I'll put, "An individual has an absolute right to --"
12 Okay.
13     MR. BEY:  Thank you.
14     THE COURT:  All right.  Okay.  All right.  So I'll allow it
15 as to -- I endorse it.  I'm just striking out that word --
16     MR. BEY:  Is it --
17     THE COURT:  -- and putting in "individual" and striking out
18 that one sentence.
19     MR. DEVOE:  Thank you, Your Honor.
20     THE COURT:  Thank you both.
21     All right.  Now are we ready?
22     MR. BEY:  Yep.
23     THE COURT:  Okay.
24     (Pause)
25     THE COURT:  Attorney DeVoe, I just struck out one more.

1    Okay.

2         MR. DEVOE:  Sure.

3         THE COURT:  I'm not going to use the "defendant".

4    (Indiscernible.)

5         MR. DEVOE:  Okay.

6         COURT OFFICER:  All rise.  Jury in.

7         (Jury in at 9:44 a.m.)

8         COURT OFFICER:  All parties may be seated.  Resume case on

9    trial.

10                        JURY CHARGE

11        THE COURT:  I just want the record to reflect all seven

12   jurors are present.  And, ladies and gentlemen, I just have to

13   ask you this question.  During the -- while we were in recess

14   overnight, did you comply with my instructions not to discuss

15   this case with anyone?

16        All seven jurors have replied in the affirmative.  We can

17   begin.

18        And juror in seat number 3, are you able to hear me?

19        JUROR:  Yes.

20        THE COURT:  Okay.  All right.  Now, members of the jury,

21   you're about to begin your final duty, which is to decide the

22   facts in this case, but before you that, I have to instruct you

23   on the law.

24        Now it is your duty as jurors to accept the law as I state

25   it to you, and you should consider all of my instructions as a

1  whole.  You may not ignore any instruction or give special

2  attention to any one instruction.  You must follow the law as I

3  give it to you whether you agree with it or not.

4      Now your function, as I told you yesterday, is to determine

5  the facts in this case.  You are the sole and exclusive judges

6  of those facts.  You alone determine what evidence to accept,

7  how important any evidence that you do accept, and what

8  conclusions to draw from all of the evidence, but you must apply

9  the law as I give it to you as the facts as you determine them

10  to be in order to decide whether the Commonwealth has proved the

11  defendant guilty of the charges in the complaint.

12      And you should determine the facts based solely on a fair

13  consideration of all the evidence.  You are to be completely

14  fair and impartial, and you are not to be swayed by prejudice or

15  sympathy or likes or dislikes towards either side, and you are

16  not to allow yourself to be influenced because the offenses

17  charged are popular or unpopular with the public.  And you are

18  not to decide this case based on anything you have heard or read

19  outside this courtroom, and you are not to engage in any

20  guesswork about any unanswered questions that remain in your

21  mind, or to speculate about what the right -- what the real

22  facts might or might not have been.

23      You should also not consider anything I have said or done

24  during the trial in ruling on motions or objections, or in my

25  comments to the parties, as any indication of my opinion as to

1   how you should decide the defendant's guilt or innocence.   If

2   you believe that I have expressed or even hinted at any opinion

3   about the facts in this case, please disregard it.   I have no

4   opinion about the facts or what your verdict ought to be.   That

5   is solely and exclusively your duty and your responsibility.

6        In short, you are to confine your deliberations to the

7   evidence and nothing but the evidence.

8        Now as I also told you yesterday, it was a duty of both

9   parties in this case to object when the other side offered

10   evidence that they believed was not admissible under our rules

11   of evidence.   They also had an obligation to speak to me at the

12   sidebar about questions of law, which the law requires me to

13   rule on outside of your hearing.

14        Now the purpose of such objections and rulings is not to

15   keep relevant information from you.   It's just the opposite.

16   They're to make sure that what you hear is relevant to the case

17   and that the evidence is presented in a way that gives you a

18   fair opportunity to evaluate its worth.   You should not draw any

19   inference, favorable or unfavorable, to either of the parties

20   for making objections or asking to speak to me at the sidebar.

21   That is their function and their responsibility.

22        I also told you yesterday that the complaint against this

23   defendant is only an accusation.   It is not evidence, and the

24   defendant has denied that he is guilty of the crimes charged in

25   the complaint.   And the law presumes that the defendants be

1  innocent of all charges against them, and this presumption of

2  innocence is a rule of law that compels you to find the

3  defendant not guilty unless and until the Commonwealth produces

4  evidence that proves that the defendant is guilty beyond a

5  reasonable doubt.

6      The defendant is not required to call any witness or to

7  produce any evidence since he is presumed innocent.  This

8  presumption stays with the defendant unless and until the

9  evidence convinces you unanimously as a jury that the defendant

10  is guilty beyond a reasonable doubt.  It requires you to find

11  the defendant not guilty unless his guilt has been proved beyond

12  a reasonable doubt, and your verdict, whether it's guilty or not

13  guilty, must be unanimous.

14      Now what is evidence?  The evidence consists of the

15  testimony of the witnesses as you recall it and any documents or

16  other things that were received into evidence as exhibits.  Of

17  course, the quality of the strength of the proof is not

18  determined by the sheer volume of evidence or the number of

19  witnesses.  It is the weight of the evidence, its strength

20  intending to prove the issues at stake, that is important.

21      Now you might find that a smaller number of witnesses who

22  testified to a particular fact are more believable than a larger

23  number of witnesses who testified to the opposite.  But some

24  things that occurred during the trial are not evidence, and you

25  may not consider them as evidence in deciding the facts in this

10

1 case.

2     The complaint is not evidence.  A question put to the

3 witness is never evidence; only the answers to such questions

4 are evidence.  You may also not consider anything that I struck

5 from the record and told you to disregard.  You may not consider

6 -- excuse me.  You may not consider such answers.

7     The opening statements and the closing arguments are not a

8 substitute for the evidence.  They're only intended to assist

9 you in understanding the evidence and the contentions of the

10 parties.

11     My instructions and anything that was said during the

12 course of this trial are not evidence, and if your memory of the

13 testimony differs from what the parties said to you either in

14 their opening statements or their closing arguments, you are to

15 follow your own recollection of the evidence.

16     Now there are two types of evidence that you may use to

17 determine the facts in any case.  You have direct evidence and

18 circumstantial evidence.

19     You have direct evidence where a witness testifies directly

20 about the fact that is to be proved, based on what he claimed to

21 have seen or heard or felt with his own senses, and the only

22 question is whether you believe the witness.  You have

23 circumstantial evidence where the witness cannot testify

24 directly about the fact that is to be proved, but you are

25 presented with evidence of other facts and you are then asked to

11

1   draw reasonable inferences from them about the fact which is to

2   be proved.

3       Let me give you a very simple example.  Your daughter might

4   tell you one morning that she sees the mailman at your mailbox.

5   That is direct evidence that the mailman has been to your house.

6       On the other hand, she might only tell you that she sees

7   mail in the mailbox.  That is circumstantial evidence that the

8   mailman has been there.  No one has seen him, but you can

9   reasonably infer that he's been there since there's mail in the

10  mailbox.

11      Now the law allows either type of proof in a criminal

12  trial.  There are two things to keep in mind, however, about

13  circumstantial evidence.  The first one is that you may draw

14  inferences and conclusions only from facts that have been proved

15  to you.  The second rule is that any inferences or conclusions

16  which you draw must be reasonable and natural based on your

17  common sense and experience of life, and a chain of

18  circumstantial evidence is not required that every one of your

19  inferences and conclusions be inevitable, but it is required

20  that each of them be reasonable and that they all be consistent

21  with one another and that together they establish the

22  defendant's guilt beyond a reasonable doubt.

23      Now if the Commonwealth's case is based solely on

24  circumstantial evidence, you may find the defendant guilty only

25  if those circumstances are conclusive enough to leave you with a

1  moral certainty, a clear and subtle belief, that the defendant

2  is guilty and if there is no other reasonable explanation for

3  the facts as proven.  The evidence must not only be consistent

4  with the defendant's guilt, it must be inconsistent with his

5  innocence, and whether the evidence is direct or circumstantial,

6  the Commonwealth must prove the defendant's guilt beyond a

7  reasonable doubt from all of the evidence in the case.

8       Now it's also your duty to decide any disputed questions of

9  fact, and you will have to determine which witnesses to believe

10  and how much weight to give their testimony.  You should give

11  the testimony of each witness whatever degree of belief and

12  importance that you judge it is fairly entitled to receive.  You

13  are the sole judges of the credibility of the witnesses, and if

14  there are any conflicts in the testimony, it is your function to

15  resolve those conflicts and to determine where the truth lies.

16  You may believe everything a witness says, or only part of it,

17  or none of it.

18       If you do not believe a witness's testimony that something

19  happened, your disbelief is not evidence that it didn't happen.

20  When you disbelieve a witness, it just means you have to look

21  elsewhere for credible evidence about that issue.  And in

22  deciding whether to believe a witness and how much importance to

23  give that witness's testimony, you must look at all the

24  evidence, drawing on your own common sense and experience of

25  life.  Often, it's not what a witness says but how he or she

1  says it that gives you a clue as to whether or not to accept

2  their version of an event as believable.

3      You may consider a witness's appearance and demeanor on the

4  witness stand, his or her frankness or lack of frankness in

5  testifying, whether their testimony is reasonable or

6  unreasonable, probable or improbable.  You may take into account

7  how good an opportunity the witness had to observe the facts

8  upon which he testifies, the degree of intelligence they show,

9  and whether their memory seems accurate.

10      You may also consider the motive of a witness in

11  testifying, whether or not the witness displays any bias in

12  testifying, and whether or not the witness has any interest in

13  the outcome of the case.

14      Now the fact that a witness may have some interest in the

15  outcome of the case doesn't mean the witness isn't trying to

16  tell you the truth as that witness recalls it or believes it to

17  be, but the witness's interest is a factor that you may consider

18  along with all the other factors.

19      Now there's a total of five charges in the complaint.  Each

20  charge in the complaint is an accusation of a different crime.

21  You must consider each charge separately and return a separate

22  verdict of guilty or not guilty as it relates to each charge.

23      Now you may have also noticed that the defendant has

24  represented himself in this case.  I instruct you that

25  everybody, every individual, has a right to hire an attorney.

14

1   Also, an individual has an absolute right to represent him at

2   trial.

3       Now Mr. Bey has decided to represent himself in that trial

4   and not use a lawyer.  He has a perfect right to do that.  His

5   decision has no bearing on whether he is guilty or not guilty

6   and should not have any effect on your consideration of this

7   case and you are to disregard it during the course of your

8   deliberations.

9       Now as to the five separate allegations in the complaint,

10  the first is carrying a dangerous weapon.  The defendant is

11  charged with unlawfully carrying a dangerous weapon on his

12  person or under his control in the vehicle.

13      (Pause)

14      THE COURT:  Strike that.  Okay.

15      The defendant is charged with carrying a dangerous weapon

16  on his person or under his control in a vehicle while he was

17  being arrested for breach of the peace.

18      Now Section 10(b) of Chapter 269 of our general laws

19  provides as follows: when arrested upon -- arrested while

20  committing a breach for disturbance of the peace, is armed on

21  his person or has under his control in a motor vehicle, a

22  dangerous weapon, shall be punished.

23      Now to prove the defendant is guilty of this offense, the

24  Commonwealth must prove four things, four elements, beyond a

25  reasonable doubt.  The first element is that the defendant was

15

1  arrested while committing a breach of the peace.

2       Second, that as of his arrest, the defendant was armed with

3  a machete or had a machete on his person or under his control in

4  a vehicle.

5       Third, that the defendant knew that the machete was under

6  his control in a vehicle.

7       And fourth, that the machete was a dangerous weapon.

8       Now a dangerous weapon is an item which by its nature is

9  capable of causing serious injury or death.  I instruct you that

10 a matter of law, a machete is a dangerous weapon.

11      Now you've also heard testimony suggesting that the

12 defendant was arrested while committing the offense of failing

13 to stop for a police officer and operating negligently to

14 endanger.  Now if it has been proved to you beyond a reasonable

15 doubt that the defendant committed either one of those offenses,

16 I instruct you that as a matter of law such an offense

17 constitutes a breach of a public peace.

18      (Pause)

19      THE COURT:  The second crime that's alleged in the

20 complaint is operating negligently so as to endanger.  Now,

21 general laws, Chapter 90, Section 24(a) provides that whoever,

22 upon any way or a place which the public has a right of access,

23 operates a motor vehicle -- vehicle negligently, such that the

24 lives and safety of the public are endangered, shall be

25 punished.

1     Now in order to prove the defendant guilty of this offense,

2  the Commonwealth must prove three things beyond a reasonable

3  doubt.

4     First, that the defendant operated a motor vehicle.

5     Second, that he did so on a public way.

6     And third, that he did so in a negligent manner so that the

7  lives and safety of the public are endanger.

8     Now as to the first element, operation of a motor vehicle.

9  Under our laws, a person operates a motor vehicle not only while

10  doing all the well-known things that drivers do as they travel

11  on a street or highway, but also in doing any act which directly

12  tends to set the vehicle in motion.  The law is, a person is

13  operating a motor vehicle whenever he or she is in the vehicle

14  and intentionally manipulates some mechanical or electrical part

15  of the vehicle, like the gear shift or the ignition, which alone

16  or in sequence will set the vehicle in motion.

17     As to the second element of that charge, public way.  Any

18  street or highway that is open to the public and is controlled

19  or maintained by some level of government is a public way.  This

20  would include, for example, interstate and state highways, as

21  well as municipal streets and roads.  In determining whether any

22  particular street is a public way, you may consider whether it

23  has all the usual indications of a public way.  For example,

24  whether it's paved, whether it has street lights, street signs,

25  curbing, fire hydrants, whether there are buildings along the

1  street, whether it has any crossroads intersection --

2  intersecting it, and whether it is publicly maintained.

3     The third element of that particular crime is that the

4  Commonwealth must prove beyond a reasonable doubt that the

5  defendant drove negligently in a manner that might have

6  endangered the lives and safety of other people.

7     Now a person acts negligently when he fails to use due

8  care.  That is, when he acts in a way that a reasonable person

9  would not act.  This can happen either by doing something that a

10  reasonably person -- reasonably prudent person would not do

11  under those circumstances or failing to do something that a

12  reasonably prudent person would do.

13     The defendant acted negligently if he drove in a way that

14  is -- that a reasonable person would not have, and by doing so

15  created an unnecessary danger to other people, a danger that he

16  could have avoided by driving more carefully.

17     Now a person can be found to have driven negligently, even

18  if no accident resulted, and even if there was no one else

19  actually on the road to be put in danger.  A person is negligent

20  if he drives in a way that has the potential to cause an

21  accident or to endanger anyone who might be on the road.

22     Now in determining whether the defendant drove negligently,

23  in a manner that might have endangered the public, you should

24  take into account all of the facts of the situation.  The

25  defendant's rate of speed, the manner of operation, the physical

1  condition, how well they controlled the vehicle, the condition

2  of the defendant's vehicle, what kind of road it was, and who

3  else was no the road, and what time of day, the weather

4  conditions, and what any other vehicles or pedestrians were

5  doing, and any other factors that you think are relevant.

6      If you find the defendant acted negligently, the

7  defendant's intent is not relevant.  You are not required to

8  find the defendant intended to act negligently or unlawfully.

9  Now this is in a category of situations where the public safety

10  requires each driver to determine and to adhere to an objective

11  standard of reasonable behavior.  Therefore, the defendant's

12  objective intent is not relevant -- is irrelevant.  The issue is

13  whether or not he drove in a -- in a manner that a reasonable

14  person would have under the circumstances.

15      The third crime alleged in the complaint is unlicensed

16  operation of a motor vehicle.  In order to prove the defendant

17  guilty of this offense, the Commonwealth must prove the

18  following two things beyond a reasonable doubt: that the

19  defendant operated a motor vehicle.  I've already given you the

20  instruction of what operation means in the state.

21      Second, that at the time the defendant was operating a

22  motor vehicle, he had no driver's license or other right to

23  drive in Massachusetts.

24      As to this second element, the Registry of Motor Vehicles

25  for Massachusetts may issue a license to a person, but also a

non-resident may operate a vehicle if the non-resident has a valid license under the laws of the state or country where he resides.  He may also operate an out-of-state motor vehicle if he is licensed where the out-of-state vehicle is registered.

However, even if the defendant does have a valid license in another state or country, he still may not operate a motor vehicle in Massachusetts if the Registry of Motor Vehicles has suspended or revoked any license to operate motor vehicles previously issued to him.  In that case, the Commonwealth must prove that defendant or an agent of the defendant, such as a household member or employer, had received notice that his driver's license or right to drive in Massachusetts had been or was about to be suspended.

The fourth crime charged in the complaint is resisting arrest.  In order to prove the defendant guilty of this offense, the Commonwealth must prove four things beyond a reasonable doubt.  First, that the defendant prevented or attempted to prevent a police officer from making an arrest, be it the defendant or another person.

Second, that the officer was acting under color of law of his official authority at the time.

Third, that the defendant resisted either by using or threatening to use physical force or violence against the officer or another person.  Excuse me.  Or by using some other means which created a substantial risk of causing bodily injury

1 │ to the officer or another person.

2 │     And fourth, that the defendant did so knowingly.  That is

3 │ to say the defendant knew at the time he was acting to prevent

4 │ an arrest of a police officer acting under a color of his

5 │ official authority.

6 │     As I have indicated, the Commonwealth must prove that the

7 │ police officer was acting under color of official authority, and

8 │ a police officer acts under color of official authority when in

9 │ the regular course of assigned duties, he makes a judgment in

10 │ good faith based on the surrounding facts and circumstances,

11 │ that he should make an arrest.

12 │     Now the Commonwealth must also prove that defendant knew

13 │ that the person seeking to make an arrest was in fact a police

14 │ officer.  Now they may do so by proving that the officer was in

15 │ uniform, or if not in uniform, identified himself or exhibited

16 │ credentials as a police officer while attempting to make such

17 │ arrest.

18 │     The Commonwealth must also prove that the defendant's

19 │ resistance occurred before the arrest was completed.  An arrest

20 │ is completed when a person has been detained, placed securely in

21 │ custody, is under control of the -- of -- of the police.

22 │     In summary, as to that particular charge of the complaint,

23 │ the Commonwealth must prove four elements beyond a reasonable

24 │ doubt.  First, the defendant prevented or attempted to prevent

25 │ the police from making an arrest.

21

1        Second, that the officer was acting under the color of his

2    authority.

3        Third, that the defendant resisted.

4        And fourth, the defendant did so knowingly.

5        The fifth charge alleged in the complaint is failing to

6    stop for a -- for police.  Massachusetts General Laws, Chapter

7    90, Section 25, provides that any person while operating or in

8    charge of a motor vehicle, refuses or neglects to stop when

9    signaled to stop by any police officer who is in uniform or

10   conspicuously displays his badge -- is guilty of violating the

11   law.

12       In order to prove this charge, the Commonwealth must prove

13   beyond a reasonable doubt, four elements.  One, the first, is

14   that the defendant was operating or in charge of a motor

15   vehicle, and I've already explained to you what operation of a

16   motor vehicle is.

17       Two, that he has refused -- that he refused or neglected to

18   stop.

19       Three, that he was signaled to stop by the police officer.

20       And four, that defendant knew that the person demanding

21   that he stop had the authority as a police officer to make that

22   demand.

23       Now as I've instructed you throughout these proceedings,

24   the burden is on the Commonwealth to prove beyond a reasonable

25   doubt that the defendant is guilty of the charges against him.

1       Now what is proof beyond a reasonable doubt?  The term is

2  often used and probably pretty well understood, though it's not

3  easily defined.  Proof beyond a reasonable doubt does not mean

4  proof beyond all possible doubt, for everything in the lives of

5  human beings is open to some possible or imaginary doubt.

6       A charge is proved beyond a reasonable doubt if after you

7  have compared and considered all the evidence, you have in your

8  minds an abiding conviction to a moral certainty that the charge

9  is true.  When we refer to a moral certainty, we mean the

10  highest degree of certainty possible in matters relating to

11  human affairs based solely on the evidence that has been put

12  before you in this case.

13       I have told you that every person is presumed to be

14  innocent until he is proven guilty, and that the burden of proof

15  is on the prosecutor.  If you evaluate all of the evidence and

16  you still have a reasonable doubt remaining, the defendant is

17  entitled to the benefit of that doubt and must be acquitted.  It

18  is not enough for the Commonwealth to establish a probability,

19  even a strong probability, that the defendant is more likely to

20  be guilty than not guilty.  That is not enough.

21       Instead, the evidence must convince you of the defendant's

22  guilt to a reasonable and a moral certainty, a certainty that

23  convinces your understanding and satisfies your reason and

24  judgment as jurors who are sworn to act conscientiously on the

25  evidence.  This is what we mean by proof beyond a reasonable

1   doubt.

2       Can I see Mr. Bey?

3       (Sidebar commenced at 10:08 a.m.)

4       THE COURT:  Anything on the charges?

5       MR. DEVOE:  So I'd just identify a basis for the pro se

6   instruction (indiscernible).

7       THE COURT:  Yeah.

8       UNIDENTIFIED SPEAKER:  See, I've got to ask about the

9   (indiscernible).

10      THE COURT:  (Indiscernible.) pro se, make a statement.

11  That's why a straight knife is not, per se, under the statute.

12      MR. DEVOE:  Right.

13      THE COURT:  But under the law -- under the law --

14      MR. DEVOE:  That's fine.

15      THE COURT:  That's -- that's why.  And I -- I assume that's

16  what you'll -- your objection would be.

17      MR. BEY:  My objection is (indiscernible).

18      THE COURT:  Yeah.  And I just explained.  It is certain --

19  there is certain, like, what's called per se dangerous weapons.

20      MR. BEY:  But the jury doesn't know that.

21      THE COURT:  Well under the case law, Commonwealth v.

22  Turner.  Straight knives are typically regarded as dangerous,

23  per se, while folding knives are not.  So it's a straight knife.

24      MR. BEY:  All right.

25      THE COURT:  It would -- it -- it wouldn't be a dangerous

1  weapon other than the fact that --

2       MR. BEY:  But there's -- there's (indiscernible).

3       THE COURT:  It's a -- it's a -- it's a case law.  This --

4       MR. BEY:  So then how could I (indiscernible) use any of my

5  case laws?  So that, I don't understand --

6       THE COURT:  I'm not using case law.  I'm just

7  (indiscernible) case law for my instruction.  Okay?

8       MR. BEY:  And they basically told the jury that a machete

9  is a dangerous weapon.  That's what I heard.

10      THE COURT:  No, but -- no.

11      MR. BEY:  If I was the jury, I would use that --

12      THE COURT:  That's one element.  That's just one element.

13      The other element is that you -- you are -- you were

14 carrying it on your person or under your control in a vehicle

15 while being arrested for a crime that constitutes a breach.  So

16 they'd have to find all the elements.

17      MR. BEY:  (Indiscernible) if you -- if you tricked their

18 mind into thinking that (indiscernible).

19      THE COURT:  I'm not tricking their mind.  But a -- a

20 knife --

21      MR. BEY:  Uh-huh.

22      THE COURT:  If you're being arrested --

23      MR. BEY:  Uh-huh.

24      THE COURT:  -- and committing a breach of the peace, a

25 knife, which typically is not a dangerous weapon, you're

25

1   carrying it while being arrested --

2       MR. BEY:  Uh-huh.

3       THE COURT:  -- for a breach of the peace does fit within --

4       MR. BEY:  Right.

5       THE COURT:  -- that charge.  Okay.

6       MR. BEY:  But that's not what you said.

7       THE COURT:  That's what -- that's exactly what I said.

8       MR. BEY:  No, it isn't because I --

9       THE COURT:  All right.

10      MR. BEY:  You -- you said --

11      THE COURT:  What I'll do -- what I'll do -- what I'll do is

12  I'll -- as to the carrying a dangerous weapon, what I'll do is

13  I'll -- I'll just clarify that, that machetes in and of

14  themselves are not a pro se dangerous weapon, but you can find

15  them to be a dangerous weapon if you find all the other factors.

16  Okay?

17      MR. BEY:  Okay.  That's --

18      THE COURT:  Okay.  I'll do that.

19      MR. BEY:  Thank you.  Appreciate.  Yeah.

20      (Sidebar concluded at 10:11 a.m.)

21      THE COURT:  Ladies and gentlemen, as to the first charge,

22  dangerous -- carrying a dangerous weapon, I just want to clarify

23  one thing.  As I told you that -- there are four elements to

24  that charge.

25          Now a machete in and of itself, by itself, is not under our

1  laws, a per se dangerous weapon.  However, if you find all the

2  other three elements, which are that the defendant was being

3  arrested while committing a breach of the peace, that he did

4  have it on his person or under his control of a -- in a motor

5  vehicle, and that he had knowledge that he had it on his person

6  or under his control of a motor vehicle, then because of those

7  three factors, the machete does qualify under our laws as a

8  dangerous weapon.  Not per se, because in and of itself it is

9  not a dangerous weapon.  But with all those other three

10  elements, that does satisfy the element of that particular

11  charge.  So you'd have to find the first three in order to get

12  to the fourth on that charge.  If you don't find the first

13  three, that in and of itself, the machete is not a dangerous

14  weapon.  Okay?

15      So -- so there's one more piece of housekeeping we have to

16  -- before you begin your deliberations.  You may have noticed

17  that I said all six deliberating jurors have to agree on a

18  verdict, and there's seven of you.  And the reason we impanel

19  more than what we need is if someone gets sick or there's an

20  emergency and someone has to be excused, we can continue with

21  the trial without having to start all over again.

22      So in a moment I'm going to have the clerk pick one of you

23  to be the alternate -- designated the alternate.  If you are

24  selected as the alternate, your service in this case is not over

25  because just like we impanel more than what we need, if during

1   the course of the deliberations one of the six deliberating

2   jurors becomes sick or has to be excused because of an

3   emergency, that juror will be excused, the alternate juror will

4   then be substituted, and a new deliberating jury will be

5   reconstituted and deliberations will begin anew with a new

6   deliberating jury.

7         So, Madam Clerk?

8         THE CLERK:  Juror Number 7 in seat 7, you are now

9   designated as an alternate juror.

10        THE COURT:  Okay.  Now one other piece of housekeeping is,

11  in a minute I'm going to have the clerk draw the -- of the six

12  remaining juror to serve as foreperson.  Now just -- if you're

13  selected as the foreperson, your say or sway in the jury room

14  carries no greater weight, no less weight than the other five

15  deliberating jurors.  It's more of a ministerial function.

16        If during the course of deliberations, deliberating jury

17  has a question, the foreperson will write the question on a

18  piece of paper, date it, sign it, notify the court officer who

19  will bring it to my attention.  We may reconvene in court to

20  answer the question.

21        The second most important ministerial function of the jury

22  is that you will have five separate verdict slips with you in

23  the -- in the -- and as I said, all five have to be deliberated

24  separately.  They're all five distinct crimes.

25        Once you have agreed on a verdict on all five of those

1  charges, the foreperson of the jury will indicate on the verdict

2  slip, on the appropriate box, sign it and date it, and once all

3  five have been decided, we'll notify the court officer and we'll

4  come back into court, take the verdict.

5       THE CLERK:  Foreperson, Your Honor?

6       THE COURT:  Yeah.

7       THE CLERK:  Juror in seat 3, Juror Number 20, you are now

8  appointed foreperson of this jury.

9       THE COURT:  Okay.  All right.

10      (Pause)

11      THE COURT:  All right.  You can swear the court officer.

12      THE CLERK:  Certainly.  Mr. Officer, will you raise your

13 right hand?

14      (Court officer sworn)

15      THE COURT:  All right.  Ladies and gentlemen, you may begin

16 your deliberations.  And the deliberating jury, I'm going to let

17 Exhibit Number --

18      THE CLERK:  2.

19      THE COURT:  -- 2 into the jury room with you.  But once

20 you've finished looking at it, notify the court officer.  I just

21 don't want that -- and they'll take custody of it.  Okay?  All

22 right.

23      COURT OFFICER:  All rise.  Jurors out.  Folks, watch your

24 step, grab your belongings, follow me, please.

25      (Jury out at 10:16 a.m.)

1      THE CLERK:  You may be seated.

2      (Recess is taken from 10:17 a.m. to 11:54 a.m.)

3      THE CLERK:  The matter of Commonwealth v. Campbell.  Your

4   Honor, there is a verdict.

5      THE COURT:  Okay.  Just waiting for the ADA, and we'll

6   bring in the jury.  Okay?

7      COURT OFFICER:  Yep.

8      (Pause)

9      COURT OFFICER:  All rise.  Jury in.

10      (Jury in at 11:58 a.m.)

11                          VERDICT

12      COURT OFFICER:  Will the jurors and the defendant please

13   remain standing?  All other parties may be seated.

14      THE CLERK:  Madame Forelady, has your jury agreed upon a

15   verdict?  Yes or no?

16      THE FOREPERSON:  Say it again?

17      THE CLERK:  Has your jury agreed upon a verdict?

18      THE FOREPERSON:  Yes.

19      THE CLERK:  What say you, Madame Forelady, as to Docket

20   Number 1911CR365, wherein the defendant is charged with carrying

21   a dangerous weapon?  Is he guilty or not guilty?

22      THE FOREPERSON:  Not guilty.

23      THE CLERK:  Madame Forelady, as to the charge of negligent

24   operation of a motor vehicle, is he guilty or not guilty?

25      THE FOREPERSON:  Guilty.

1    THE CLERK:  Madame Forelady, as to the charge to unlicensed

2  operation of a motor vehicle, guilty or not guilty?

3    THE FOREPERSON:  Guilty.

4    THE CLERK:  As to the charge of resisting arrest, guilty or

5  not guilty?

6    THE FOREPERSON:  Guilty.

7    THE CLERK:  Thank you.  And as to the charge of failing to

8  stop for the police, guilty or not guilty?

9    THE FOREPERSON:  Guilty.

10    THE CLERK:  Members of the jury, harken to your verdict as

11  the court has recorded it.  All deliberating jurors agree with

12  this verdict?

13    THE JURY:  Yes.

14    THE CLERK:  Thank you.

15    THE COURT:  All right.  Ladies and gentlemen, just on

16  behalf of the Commonwealth and especially Lowell District Court,

17  I just want to thank everybody for their service in the -- over

18  the past two days in this case.  Long time ago a superior court

19  judge used to say that the highest service a person can do for

20  their country is serve in the armed forces, but right below that

21  is to serve as a juror, and you've performed that admirably, and

22  you should be proud of your work, and I'm going to let you go

23  with the thanks in this court.  The only thing you get is a

24  promise that the jury commissioner will not give you another

25  summons for at least three more years.  So that's the best you

31

1   can get, but we're going to be in a brand-new building in three

2   years, so it's going to be a lot more comfortable for you, and I

3   want to thank you for your service.

4       COURT OFFICER:  All rise.  Jurors out.

5       (Jury out at 12:00 p.m.)

6       (Pause)

7       THE COURT:  And Attorney DeVoe.

8       MR. DEVOE:  Yes, Your Honor.  The Commonwealth moves for

9   sentencing.

10       THE COURT:  Okay.  And what's your recommendation?

11       MR. DEVOE:  Your Honor, my recommendation for the charge of

12   negligent operation and resisting arrest is six months suspended

13   sentence for two years, for unlicensed operation, a $500 fine,

14   and for failure to stop, a $100 fine.

15       The basis of that recommendation is, in part, on the

16   defendant's prior history.  He does have committed time in his

17   record, Your Honor, that includes committed time for --

18       MR. BEY:  Objection.  That's -- that's not relevant.

19       THE COURT:  No, it is relevant, sir, so just -- I'll let

20   you speak in a minute.

21       Attorney DeVoe.

22       MR. DEVOE:  He has committed time for assault and battery

23   on a police officer out of Malden District Court.  That was in

24   2010.  He also has a suspended -- prior suspended sentence for

25   operating after revoked license that turned into a committed

1  time that was out of Peabody District Court, Docket 08-861421.

2  He has also received suspended sentences, including for

3  operating after a suspended license out of Lynn District Court.

4      I will note, though, there is some age to these charges and

5  looking at his record, to my mind, there's a distinction between

6  2012 and prior, and 2015 and closer -- nearer in time.

7      And I understand that Mr. Bey, you know, has changed his

8  name, has gone through many things as the Court has heard about

9  throughout the course of this trial.  I think a suspended time

10  sentence sends the signal that he needs to follow the law, but

11  is appropriate given the length and time between these more

12  serious charges.

13      I think the fines are appropriate because, again, it --

14  they're the motor vehicle charges.  He needs to pay the money

15  necessary in order to operate a motor vehicle in the

16  Commonwealth.  Thank you.

17      THE COURT:  All right.  Thank you, Attorney DeVoe.

18      Mr. Bey, what would you like to say on sentencing?

19      MR. BEY:  I'm confused as to how one -- in the same

20  courtroom I get not guilty for the same stuff and then -- and

21  another instance you can come and find me guilty for the same

22  things already that the people have found me not guilty of.

23      And number two, like, I get the RMV record, but it's biased

24  because they're overlooking the -- my free national name that's

25  in the RMV record.  Why haven't they pulled that along with that

1   stuff?  I have a record with my free national name, the RMV

2   made, and they -- no one took a look at that.

3        The fines and the fees, I understand.  I hear that.  But

4   the -- the suspended time for what the constitution says that I

5   have an alien -- an unalienable right to, and I'm not trying to

6   be here like I'm above the law or like breaking the law is what

7   to do.  I -- I want to be a follower of the law, a doer of the

8   law.  But if I'm looking for help in areas where I can be -- so,

9   okay.  This is -- this is this, and this is this, but that

10  doesn't seem to be what's going on here.

11       I see like it's -- it's biased.  They choose what they want

12  to choose to make me look like I'm some sort of law breaker,

13  which I'm not, because they -- on one instance where you have --

14  he presents me as a law breaker, the same place he got that

15  information he would find that I am abiding by the law in my

16  free national name.

17       So I don't -- I'm confused.  Under the pretense of Leon

18  Campbell, and you -- and you called me by my free national name

19  the entire trial --

20       THE COURT:  Because that's what you asked me to call you

21  by --

22       MR. BEY:  Right.  So --

23       THE COURT:  -- and I respect that.

24       MR. BEY:  And -- and -- and so can I -- am I allowed to ask

25  that my free national name be respected for -- for how I

1  attained it and presented it?

2       THE COURT:  Well let me -- Mr. Bey, to be honest, I think

3  the Commonwealth's recommendation is overly generous, to be

4  honest with you, because during the course of the trial -- and

5  you conducted yourself as a gentleman.  You did.  But you maybe

6  sort of made it clear to the Court that you don't think certain

7  rules and regulations apply to you because you changed your name

8  under what's called the free nationalism.

9       So to give you a suspended sentence with probation concerns

10  me that you will continue to feel that this court, because it's

11  not a federal article 3 court, doesn't have any jurisdiction

12  over you because you've changed your name to a free and national

13  name.

14       So that concerns me as to whether or not you can comply

15  with all the rules and regulations that someone on probation --

16  because a suspended sentence is a probationary sentence --

17  whether or not someone like yourself, who doesn't feel we have

18  that authority --

19       MR. BEY:  Well it's not that I don't feel --

20       THE COURT:  No --

21       MR. BEY:  -- that you have the authority.  I'm

22  just -- from what I'm researching --

23       THE COURT:  Okay.

24       MR. BEY:  -- and studying.

25       THE COURT:  Then here's what I'm -- I suggest, because I

1  heard your arguments, you -- you've read from the -- from the

2  constitution.  You have a --

3       MR. BEY:  Well I'm also in the midst of --

4       THE COURT:  -- a skewed view of the United States

5  Constitution and the federal courts, vis-à-vis what the states,

6  each individual state, can enact within their own states, and

7  that's under Article 10.  Okay.  If you want to go in the

8  constitution.

9       So my concern, Mr. Bey, is whether or not you will abide by

10  a probationary sentence, because if you fail to abide by the

11  terms and conditions of your probation, or get in further

12  difficulties with the law, like say a new arrest or whatever,

13  you could subject yourself to six months in the house of

14  correction.  Do you understand that?

15       MR. BEY:  I do understand that.

16       THE COURT:  All right.  And assuage my skepticism that

17  you'd abide by a probationary sentence because I'm not -- I'm

18  not sure.

19       MR. BEY:  But I'm -- I'm not a reckless law breaker.  I

20  live in the Town of Lowell.  I'm a --

21       THE COURT:  And -- and I want you to --

22       MR. BEY:  I'm part of the community.

23       THE COURT:  -- continue -- yeah, and I want you to continue

24  that, sir.  But in order to do that, without subjecting yourself

25  to a probation revocation hearing where a judge would have no

1  choice but to sentence you to six months in the house of

2  correction, can you abide by the Massachusetts laws, which

3  includes not driving without a license.  Whether you changed

4  your name or not, Leon Campbell's license is suspended.  By

5  changing your name to a different name doesn't unsuspend Leon

6  Campbell's --

7        MR. BEY:  Correct.

8        THE COURT:  -- license.

9        MR. BEY:  I know that.

10        THE COURT:  Whatever that --

11        MR. BEY:  For -- yes.

12        THE COURT:  -- is for, you have to unsuspend it.

13        MR. BEY:  I know, but that's -- so I went to take care of

14  that, as I know I should by law.  But the RMV instructed me that

15  they have a license in my free national name, so I went along

16  with that.

17        THE COURT:  But it was never produced.  So, sir, are you

18  going to abide by the laws of the Commonwealth of Massachusetts?

19        MR. BEY:  Well I have no choice.  You're  threatening --

20        THE COURT:  Well no, I'm not threatening.  I'm just telling

21  you what -- what the -- what the --

22        MR. BEY:  Yeah, you're saying --

23        THE COURT:  -- what could happen.

24        MR. BEY:  -- you don't think that I would be able to handle

25  a probationary.

1       THE COURT:  Well I'm asking you.  Can you?

2       MR. BEY:  I have no choice.  You're going to --  it's --

3       THE COURT:  All right.  All right.

4       MR. BEY:  -- there's -- I would have to, right?  If you're

5  going to impose it on me, what would I do?  I'm not a reckless

6  individual that's going to say --

7       THE COURT:  All right.  So, sir, I'm going to --

8       MR. BEY:  -- I can't --

9       THE COURT:  -- take you at your word because you did act

10  like a gentleman throughout the course of this trial, and I

11  respect that.

12      MR. BEY:  Is there a way that I can appeal?

13      THE COURT:  You can always appeal.

14      MR. BEY:  Okay.

15      THE COURT:  Okay.

16      MR. BEY:  Okay.

17                          SENTENCING

18      THE COURT:  So what I'm going to do, albeit somewhat

19  reluctantly, is I'm going to follow the Commonwealth's

20  recommendation.  So as to Count 2 and Count 4, there will be a

21  six-month sentence to the house of correction.  That sentence

22  will be suspended for two years.

23      MR. BEY:  So it will be two years of probation?

24      THE COURT:  Yeah.  And as to unlicensed operation of a

25  motor vehicle, Count 3, that will be a $500 fine.  And as to

38

1  failing to stop for a police officer, that will be a $100 fine.

2       THE CLERK:  Your Honor, there are civil infractions, marked

3  lanes violation, unregistered, and passing violation.

4       THE COURT:  All right.  So as to the unregistered, I heard

5  no evidence about unregistered.

6       MR. BEY:  No evidence.

7       THE COURT:  Okay.  No, so you're going to be found not

8  responsible.

9       MR. BEY:  Thank you.

10      THE COURT:  As to the marked lanes, I'll put a responsible

11 file.  And as to the -- what was the third one?

12      THE CLERK:  Passing violation.

13      THE COURT:  Passing violation, that will be --

14      MR. BEY:  We didn't hear evidence --

15      THE COURT:  -- responsible file.

16      MR. BEY:  We didn't hear --

17      THE COURT:  Okay.  With no -- no finding.

18      MR. BEY:  -- evidence of those --

19      THE COURT:  Well that was the -- you know, formed the

20 predicate, I believe, for the operating to endanger.  So that

21 will be responsible file.  No finding.

22      THE CLERK:  Your Honor, a victim witness fee, supervision

23 fee?

24      THE COURT:  The supervision fee.  I'll waive the victim

25 witness fee.

1      MR. BEY:  May I ask what a victim witness fee is?

2      THE COURT:  It's a statutory requirement of anybody who is

3  found guilty or get a continuance on a finding on any case, has

4  to be imposed.  I'm waiving it in your case, sir.

5      UNIDENTIFIED SPEAKER:  Permission to raise supervision fee,

6  $65?

7      THE COURT:  Yes.

8      UNIDENTIFIED SPEAKER:  Okay.  Can I ask what name?  I do

9  have Leon Campbell on -- is there also an AKA I need to put?

10      THE COURT:  Yeah.  Leonitus Jabir Bey.

11      MR. BEY:  So, also, the fact that my free national name

12  didn't just come with a name change, it came with authority from

13  my government, from the Moorish Science Temple of America, that

14  doesn't mean anything?

15      THE COURT:  You'd have to --

16      MR. BEY:  Not the wording or anything?

17      THE COURT:  You'd have to take that up with your embassy,

18  sir.

19      MR. BEY:  Okay.

20      THE CLERK:  So as to Count 1, carrying a dangerous weapon,

21  you're found not guilty.

22      Count 2, negligent operation, guilty, six months in the

23  house of corrections suspended.  You're placed on probation

24  until September 3rd, 2021.  The victim witness fee is waived.

25      Count 3, unlicensed operation of a motor vehicle, guilty,

40

1   $500 fine.

2       Count 4 was previously nolle prosed.

3       Count 5, resist arrest, guilty, six months in the house of

4   corrections suspended.  Probation until that same date of

5   September 3rd, 2021, to run concurrent with Count 2.

6       Count 6, failure to stop for a police officer, guilty, $100

7   fine.

8       Count 7, marked lanes violation, responsible file.

9       Count 8, unregistered motor vehicle, not responsible.

10      And Count 9, passing violation, responsible file.

11      MR. BEY:  I thought we were only doing five -- five counts.

12      THE COURT:  There were civil motor vehicle infractions,

13  sir.

14      THE CLERK:  They're civil.

15      THE COURT:  You only get a jury trial on the criminal

16  matters, not the civil matters.

17      MR. BEY:  So to my understanding, without an Article 3, you

18  can't try criminal cases.

19      THE COURT:  Sir -- sir, I'm telling you --

20      MR. BEY:  I'm just saying --

21      THE COURT:  Look --

22      MR. BEY:  I'm asking for like --

23      THE COURT:  Yeah.

24      MR. BEY:  -- just help to understand.

25      THE COURT:  No, but I can't give a law school course on

1    this, sir.  Okay.  Article 3 is a federal court.  Massachusetts

2    and every other -- the other 49 states have their own authority

3    to enact courts that handle criminal as well as civil matters.

4    So you -- just having a constitution from the United States

5    doesn't make you an expert on the law in the States of

6    Massachusetts.

7          MR. BEY:  No, it doesn't.

8          THE COURT:  So, I can't -- I can't give you any more

9    guidance than that, sir.  All right.

10         THE CLERK:  Your Honor, the negligent operation, there

11   is -- there is a listed $250 head injury fee.

12         THE COURT:  Yeah.

13         THE CLERK:  Are you imposing it or --

14         THE COURT:  Yeah.  That has to be imposed on the statute.

15         MR. BEY:  What's the head injury fee?

16         THE COURT:  It's a mandatory assessment on anybody

17   convicted of operating to endanger.

18         THE CLERK:  And there is also a $250 head injury assessment

19   for the negligent operation of a motor vehicle.

20         Your Honor, there are also two open matters.

21         THE COURT:  Okay.  Yeah.

22         THE CLERK:  This is under status.  The operating with

23   suspended license, subsequent events, and lights violation, and

24   then there's a case that's on for payment today.

25         THE COURT:  Right.  So, sir, the case that you were

42

1   arraigned on yesterday, would you like a date to come back for

2   pretrial on that case?

3       MR. BEY:  I would like it -- I mean, I -- I don't have any

4   choice.  You -- I've got to --

5       THE COURT:  Well --

6       MR. BEY:  Wasn't a choice in here.

7       THE COURT:  -- you've been arraigned on it, so there's an

8   active criminal case.  So what date would you like to come back?

9       MR. BEY:  The sooner the better.

10      THE COURT:  All right.

11      Attorney DeVoe, any particular date?

12      MR. DEVOE:  No.  Any date is fine, Your Honor.  If I could

13  have just the docket number on that case?

14      THE COURT:  Sure.  That is 194458.

15      MR. DEVOE:  Thank you.

16      THE COURT:  Why don't we do -- can you do October 11th?

17  October 11th for the pretrial status on that matter, sir.

18      THE CLERK:  All right.  Sir, this matter is -- the open

19  matter is continued until October 11th for pretrial.  That's at

20  9 a.m. in Courtroom Number 2, the seventh session courtroom,

21  under the same terms.  You need to report to the probation

22  department before you leave the building.  Failure to do so, a

23  warrant will issue for your arrest.

24      THE COURT:  And, sir, on the matter that you went in front

25  of Judge Crane for yesterday, I'll give you until that date to

43

1   make the $100 payment.  That will go over for payment.

2          MR. BEY:  What is that fine for again?

3          THE COURT:  The one --

4          MR. BEY:  For the registration?

5          THE CLERK:  Do you need mine?

6          THE COURT:  Unregistered motor vehicle.

7          MR. BEY:  My motor vehicle was registered and still is

8   registered.

9          THE COURT:  Well you were found responsible on that and

10  assessed a $100 fine yesterday, so you have $100 -- you have

11  until the next date to pay that.  Okay, sir?

12         THE CLERK:  Sir, please report to Probation.  You're

13  excused.

14         (Proceedings concluded at 12:15 p.m.)

15

16

17

18

19

20

21

22

23

24

25

44

CERTIFICATION

I, EILEEN DHONDT, court-approved transcriber, do hereby certify that the foregoing is a true and accurate transcript from the record of the court proceedings in the above-entitled matter.

I, EILEEN DHONDT, further certify that the foregoing is in compliance with the Administrative Office of the Trial Court directive on transcript format.

I, EILEEN DHONDT, further certify that I neither am counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

_____

EILEEN DHONDT, CET 807

Aequum Legal Transcription

Dated:  January 24, 2020



**The Commonwealth of Massachusetts**
**OFFICE OF COURT MANAGEMENT, Transcription Services**

## AUDIO ASSESSMENT FORM

> ***For court transcribers:*** *Complete this assessment form for each volume of transcript produced, and include it at the back of every original and copy transcript with the certificate page, word index, and CD PDF transcript.*

**TODAY'S DATE:** January 24, 2020 **TRANSCRIBER NAME:** Eileen Dhondt

**CASE NAME:** Commonwealth v. Campbell **DOCKET NUMBER:** 1911CR000365

**RECORDING DATE:** September 4, 2019 **TRANSCRIPT VOLUME:__2__OF_2____**

---

*(circle one)* **TYPE:  CD  TAPE        QUALITY:  EXCELLENT    GOOD    FAIR    POOR**

*(circle all that apply)* **ISSUES** *(include time stamp)*:

**background noise**          time stamp: 9:44:22,

**low audio**          _____

**low audio at sidebar**          10:08:59,    10:09:06,    10:09:07,    10:09:24,
10:10:02,    10:10:09,    10:10:14,    10:10:39,
10:10:39, 10:10:45,

**simultaneous speech**          _____

**speaking away of microphone**          _____

**other:**          time stamp: _____

_____          _____

_____          _____

_____          _____

**COMMENTS:**_____

_____

**$**

**$100 (6)**
31:14;38:1;40:6;
43:1,10,10
**$250 (2)**
41:11,18
**$500 (3)**
31:13;37:25;40:1
**$65 (1)**
39:6

**A**

**abide (5)**
35:9,10,17;36:2,18
**abiding (2)**
22:8;33:15
**able (3)**
5:8;6:18;36:24
**above (1)**
33:6
**absolute (2)**
5:11;14:1
**accept (4)**
6:24;7:6,7;13:1
**access (1)**
15:22
**accident (2)**
17:18,21
**account (2)**
13:6;17:24
**accurate (1)**
13:9
**accusation (2)**
8:23;13:20
**acquitted (1)**
22:17
**act (5)**
16:11;17:9;18:8;
22:24;37:9
**acted (2)**
17:13;18:6
**acting (5)**
19:20;20:3,4,7;21:1
**active (1)**
42:8
**acts (3)**
17:7,8;20:8
**actually (1)**
17:19
**ADA (1)**
29:5
**additional (1)**
3:22
**adhere (1)**
18:10
**admirably (1)**
30:21
**admissible (1)**
8:10
**affairs (1)**

22:11
**affirmative (1)**
6:16
**afford (1)**
5:2
**again (4)**
26:21;29:16;32:13;
43:2
**against (4)**
8:22;9:1;19:23;
21:25
**age (1)**
32:4
**agent (1)**
19:10
**ago (1)**
30:18
**agree (3)**
7:3;26:17;30:11
**agreed (3)**
27:25;29:14,17
**AKA (1)**
39:9
**albeit (1)**
37:18
**alien (1)**
33:5
**allegations (1)**
14:9
**alleged (3)**
15:19;18:15;21:5
**allow (2)**
5:14;7:16
**allowed (1)**
33:24
**allows (1)**
11:11
**alone (2)**
7:6;16:15
**along (4)**
13:18;16:25;32:25;
36:15
**alternate (5)**
26:23,23,24;27:3,9
**always (1)**
37:13
**America (1)**
39:13
**anew (1)**
27:5
**appeal (2)**
37:12,13
**appearance (1)**
13:3
**apply (2)**
7:8;34:7
**appointed (2)**
4:12;28:8
**Appreciate (1)**
25:19
**Approach (1)**
3:11
**appropriate (3)**

28:2;32:11,13
**areas (1)**
33:8
**arguments (3)**
10:7,14;35:1
**armed (3)**
14:20;15:2;30:20
**arraigned (2)**
42:1,7
**arrest (15)**
15:2;19:15,18;20:4,
11,13,17,19,19,25;
30:4;31:12;35:12;
40:3;42:23
**arrested (9)**
14:17,19,19;15:1,
12;24:15,22;25:1;
26:3
**article (4)**
34:11;35:7;40:17;
41:1
**assault (1)**
31:22
**assessed (1)**
43:10
**assessment (2)**
41:16,18
**assigned (1)**
20:9
**assist (1)**
10:8
**assuage (1)**
35:16
**assume (1)**
23:15
**attained (1)**
34:1
**attempted (2)**
19:17;20:24
**attempting (1)**
20:16
**attention (2)**
7:2;27:19
**Attorney (8)**
3:5,21;5:25;13:25;
31:7,21;32:17;42:11
**authority (10)**
19:21;20:5,7,8;
21:2,21;34:18,21;
39:12;41:2
**avoided (1)**
17:16

**B**

**back (4)**
3:17;28:4;42:1,8
**badge (1)**
21:10
**based (7)**
7:12,18;10:20;
11:16,23;20:10;22:11
**basically (1)**

24:8
**basis (2)**
23:5;31:15
**battery (1)**
31:22
**bearing (2)**
4:23;14:5
**becomes (1)**
27:2
**begin (5)**
6:17,21;26:16;27:5;
28:15
**behalf (1)**
30:16
**behavior (1)**
18:11
**beings (1)**
22:5
**belief (2)**
12:1,11
**believable (2)**
9:22;13:2
**believes (1)**
13:16
**belongings (1)**
28:24
**below (1)**
30:20
**benefit (1)**
22:17
**best (1)**
30:25
**better (1)**
42:9
**BEY (77)**
3:14,21;5:7,13,16,
22;14:3;23:2,17,20,
24;24:2,4,8,11,17,21,
23;25:2,4,6,8,10,17,
19;31:18;32:7,18,19;
33:22,24;34:2,19,21,
24;35:3,9,15,19,22;
36:7,9,11,13,19,22,
24;37:2,4,8,12,14,16,
23;38:6,9,14,16,18;
39:1,10,11,16,19;
40:11,17,20,22,24;
41:7,15;42:3,6,9;43:2,
4,7
**beyond (19)**
9:4,10,11;11:22;
12:6;14:24;15:14;
16:2;17:4;18:18;
19:16;20:23;21:13,
24;22:1,3,4,6,25
**bias (1)**
13:11
**biased (2)**
32:23;33:11
**bodily (1)**
19:25
**both (2)**
5:20;8:8

**box (1)**
28:2
**brand-new (1)**
31:1
**breach (8)**
14:17,20;15:1,17;
24:15,24;25:3;26:3
**breaker (2)**
33:12,14;35:19
**breaking (1)**
33:6
**bring (3)**
3:21;27:19;29:6
**building (2)**
31:1;42:22
**buildings (1)**
16:25
**burden (2)**
21:24;22:14

**C**

**call (2)**
9:6;33:20
**called (3)**
23:19;33:18;34:8
**Calling (1)**
3:10
**came (1)**
39:12
**Campbell (6)**
3:3,7,10;29:3;
33:18;39:9
**Campbell's (2)**
36:4,6
**can (22)**
3:18;6:16;11:8;
17:9,17;23:2;25:14;
26:20;28:11;30:19;
31:1;32:21;33:8,24;
34:14;35:6;36:2;37:1,
12,13;39:8;42:16
**capable (1)**
15:9
**care (2)**
17:8;36:13
**carefully (1)**
17:16
**carries (1)**
27:14
**carrying (9)**
14:10,11,15;24:14;
25:1,12,22;29:20;
39:20
**case (35)**
3:3,10;5:9;6:8,15,
22;7:5,18;8:3,9,16;
10:1,17;11:23;12:7;
13:13,15,24;14:7;
19:9;22:12;23:21;
24:3,5,6,7;26:24;
30:18;39:3,4;41:24,
25;42:2,8,13

**cases (1)**
    40:18
**category (1)**
    18:9
**cause (1)**
    17:20
**causing (2)**
    15:9;19:25
**certain (3)**
    23:18,19;34:6
**Certainly (1)**
    28:12
**certainty (6)**
    12:1;22:8,9,10,22,
    22
**chain (1)**
    11:17
**change (1)**
    39:12
**changed (4)**
    32:7;34:7,12;36:3
**changing (1)**
    36:5
**Chapter (3)**
    14:18;15:21;21:6
**CHARGE (22)**
    6:10;13:20,21,22;
    16:17;20:22;21:5,8,
    12,14;22:6,8;25:5,21,
    24;26:11,12;29:23;
    30:1,4,7;31:11
**charged (6)**
    7:17;8:24;14:11,15;
    19:14;29:20
**charges (9)**
    7:11;9:1;13:19;
    21:25;23:4;28:1;32:4,
    12,14
**choice (5)**
    36:1,19;37:2;42:4,6
**choose (4)**
    4:11,17;33:11,12
**circumstances (4)**
    11:25;17:11;18:14;
    20:10
**circumstantial (7)**
    10:18,23;11:7,13,
    18,24;12:5
**civil (5)**
    38:2;40:12,14,16;
    41:3
**claimed (1)**
    10:20
**clarify (2)**
    25:13,22
**clear (2)**
    12:1;34:6
**CLERK (32)**
    3:3;26:22;27:7,8,
    11;28:5,7,12,18;29:1,
    3,14,17,19,23;30:1,4,
    7,10,14;38:2,12,22;
    39:20;40:14;41:10,

13,18,22;42:18;43:5,
12
**closer (1)**
    32:6
**closing (2)**
    10:7,14
**clue (1)**
    13:1
**color (5)**
    19:20;20:4,7,8;21:1
**comfortable (1)**
    31:2
**coming (1)**
    3:16
**commence (1)**
    3:2
**commenced (1)**
    23:3
**comments (1)**
    7:25
**commissioner (1)**
    30:24
**committed (5)**
    15:15;31:16,17,22,
    25
**committing (5)**
    14:20;15:1,12;
    24:24;26:3
**common (2)**
    11:17;12:24
**Commonwealth (24)**
    3:3,4;7:10;9:3;
    12:6;14:24;16:2;17:4;
    18:17;19:9,16;20:6,
    12,18,23;21:12,24;
    22:18;23:21;29:3;
    30:16;31:8;32:16;
    36:18
**Commonwealth's (3)**
    11:23;34:3;37:19
**community (1)**
    35:22
**compared (1)**
    22:7
**compels (1)**
    9:2
**complaint (12)**
    7:11;8:22,25;10:2;
    13:19,20;14:9;15:20;
    18:15;19:14;20:22;
    21:5
**completed (2)**
    20:19,20
**completely (1)**
    7:13
**comply (2)**
    6:14;34:14
**concern (2)**
    4:14;35:9
**concerns (2)**
    34:9,14
**concluded (2)**
    25:20;43:14

**conclusions (4)**
    7:8;11:14,15,19
**conclusive (1)**
    11:25
**concurrent (1)**
    40:5
**condition (2)**
    18:1,1
**conditions (2)**
    18:4;35:11
**conducted (1)**
    34:5
**confine (1)**
    8:6
**conflicts (2)**
    12:14,15
**confused (2)**
    32:19;33:17
**conscientiously (1)**
    22:24
**consider (12)**
    4:25;6:25;7:23;
    9:25;10:4,5,6;13:3,10,
    17,21;16:22
**consideration (4)**
    4:7;5:6;7:13;14:6
**considered (1)**
    22:7
**consistent (2)**
    11:20;12:3
**consists (1)**
    9:14
**conspicuously (1)**
    21:10
**constitutes (2)**
    15:17;24:15
**constitution (5)**
    33:4;35:2,5,8;41:4
**contentions (1)**
    10:9
**continuance (1)**
    39:3
**continue (4)**
    26:20;34:10;35:23,
    23
**continued (1)**
    42:19
**control (9)**
    14:12,16,21;15:3,6;
    20:21;24:14;26:4,6
**controlled (2)**
    16:18;18:1
**convicted (1)**
    41:17
**conviction (1)**
    22:8
**convince (1)**
    22:21
**convinces (2)**
    9:9;22:23
**correction (3)**
    35:14;36:2;37:21
**corrections (2)**

39:23;40:4
**counsel (2)**
    4:12,12
**Count (13)**
    37:20,20,25;39:20,
    22,25;40:2,3,5,6,8,9,
    10
**country (3)**
    19:2,6;30:20
**counts (1)**
    40:11
**course (10)**
    9:17;10:12;14:7;
    20:9;27:1,16;32:9;
    34:4;37:10;40:25
**COURT (144)**
    3:5,7,9,10,13,15,24;
    4:1,3,6,8,16,19;5:4,6,
    10,14,17,20,23,25;
    6:3,6,8,11,20;14:14;
    15:19;23:4,7,10,13,
    15,18,21,25;24:3,6,
    10,12,19,22,24;25:3,
    5,7,9,11,18,21;27:10,
    18,19;28:3,4,6,9,11,
    11,14,15,19;28:24;
    29:5,7,9,12;30:11,15,
    16,18,23;31:4,7,10,
    19,23;32:1,3,8,17;
    33:20,23;34:2,6,10,
    11,20,23,25;35:4,16,
    21,23;36:8,10,12,17,
    20,23;37:1,3,7,9,13,
    15,18,24;38:4,7,10,
    13,15,17,19,24;39:2,
    7,10,15,17;40:12,15,
    19,21,23,25;41:1,8,
    12,14,16,21,25;42:5,
    7,10,14,16,24;43:3,6,
    9
**courtroom (4)**
    7:19;32:20;42:20,
    20
**courts (2)**
    35:5;41:3
**Court's (1)**
    4:7
**Crane (1)**
    42:25
**created (2)**
    17:15;19:25
**credentials (1)**
    20:16
**credibility (1)**
    12:13
**credible (1)**
    12:21
**crime (6)**
    13:20;15:19;17:3;
    18:15;19:14;24:15
**crimes (2)**
    8:24;27:24
**criminal (5)**

11:11;40:15,18;
    41:3;42:8
**crossroads (1)**
    17:1
**curbing (1)**
    16:25
**custody (2)**
    20:21;28:21

## D

**danger (3)**
    17:15,15,19
**dangerous (23)**
    14:10,11,15,22;
    15:7,8,10;23:19,22,
    25;24:9,25;25:12,14,
    15,22,22;26:1,8,9,13;
    29:21;39:20
**date (9)**
    27:18;28:2;40:4;
    42:1,8,11,12,25;43:11
**daughter (1)**
    11:3
**day (1)**
    18:3
**days (1)**
    30:18
**death (1)**
    15:9
**decide (5)**
    6:21;7:10,18;8:1;
    12:8
**decided (2)**
    14:3;28:3
**deciding (2)**
    9:25;12:22
**decision (1)**
    14:5
**defendant (56)**
    4:11,17;5:7,8;6:3;
    7:11;8:23,24;9:3,4,6,
    8,9,11;11:24;12:1;
    13:23;14:10,15,23,25;
    15:2,5,12,15;16:1,4;
    17:5,13,22;18:6,8,16,
    19,21;19:5,10,10,15,
    17,19,22;20:2,3,12,
    24;21:3,4,14,20,25;
    22:16,19;26:2;29:12,
    20
**defendants (1)**
    8:25
**defendant's (11)**
    8:1;11:22;12:4,6;
    17:25;18:2,7,11;
    20:18;22:21;31:16
**defined (1)**
    22:3
**degree (3)**
    12:11;13:8;22:10
**deliberated (1)**
    27:23

**deliberating (8)**
26:17;27:1,4,6,15,
16;28:16;30:11
**deliberations (8)**
4:25;8:6;14:8;
26:16;27:1,5,16;
28:16
**demand (1)**
21:22
**demanding (1)**
21:20
**demeanor (1)**
13:3
**denied (1)**
8:24
**department (1)**
42:22
**designated (2)**
26:23;27:9
**detained (1)**
20:20
**determine (8)**
7:4,6,9,12;10:17;
12:9,15;18:10
**determined (1)**
9:18
**determining (2)**
16:21;17:22
**DEVOE (30)**
3:4,5,6,8,21,22,25;
4:2,4,7,9,17;5:3,5,19,
25;6:2,5;23:5,12,14;
31:7,8,11,21,22;
32:17;42:11,12,15
**different (2)**
13:20;36:5
**differs (1)**
10:13
**difficulties (1)**
35:12
**direct (4)**
10:17,19;11:5;12:5
**directly (3)**
10:19,24;16:11
**disappointing (1)**
3:19
**disbelief (1)**
12:19
**disbelieve (1)**
12:20
**discuss (1)**
6:14
**dislikes (1)**
7:15
**displays (2)**
13:11;21:10
**disputed (1)**
12:8
**disregard (3)**
8:3;10:5;14:7
**distinct (1)**
27:24
**distinction (1)**

32:5
**District (4)**
30:16;31:23;32:1,3
**disturbance (1)**
14:20
**Docket (3)**
29:19;32:1;42:13
**documents (1)**
9:15
**doer (1)**
33:7
**done (1)**
7:23
**doubt (22)**
9:5,10,12;11:22;
12:7;14:25;15:15;
16:3;17:4;18:18;
19:17;20:24;21:13,
25;22:1,3,4,5,6,16,17;
23:1
**draw (6)**
7:8;8:18;11:1,13,
16;27:11
**drawing (1)**
12:24
**drive (2)**
18:23;19:12
**driven (1)**
17:17
**driver (1)**
18:10
**drivers (1)**
16:10
**driver's (2)**
18:22;19:12
**drives (1)**
17:20
**driving (2)**
17:16;36:3
**drove (4)**
17:5,13,22;18:13
**due (1)**
17:7
**during (9)**
3:18;6:13;7:24;
9:24;10:11;14:7;
26:25;27:16;34:4
**duties (1)**
20:9
**duty (5)**
6:21,24;8:5,8;12:8

**E**

**easily (1)**
22:3
**effect (1)**
14:6
**either (7)**
7:15;8:19;10:13;
11:11;15:15;17:9;
19:22
**electrical (1)**

16:14
**element (9)**
14:25;16:8,17;17:3;
18:24;24:12,12,13;
26:10
**elements (7)**
14:24;20:23;21:13;
24:16;25:23;26:2,10
**else (3)**
3:15;17:18;18:3
**elsewhere (1)**
12:21
**embassy (1)**
39:17
**emergency (2)**
26:20;27:3
**employer (1)**
19:11
**enact (2)**
35:6;41:3
**endanger (6)**
15:14,20;16:7;
17:21;38:20;41:17
**endangered (3)**
15:24;17:6,23
**endorse (1)**
5:15
**engage (1)**
7:19
**enough (3)**
11:25;22:18,20
**entire (1)**
33:19
**entitled (2)**
12:12;22:17
**especially (1)**
30:16
**establish (2)**
11:21;22:18
**evaluate (2)**
8:18;22:15
**even (6)**
5:4;8:2;17:17,18;
19:5;22:19
**event (1)**
13:2
**events (1)**
41:23
**everybody (3)**
3:15;13:25;30:17
**Everyone (1)**
5:7
**evidence (53)**
7:6,7,8,13;8:7,7,10,
11,17,23;9:4,7,9,14,
14,16,18,19,24,25;
10:2,3,4,8,9,12,15,16,
17,18,19,23,25;11:5,
7,13,18,24;12:3,5,7,
19,21,24;22:7,11,15,
21,25;38:5,6,14,18
**exactly (1)**
25:7

**example (3)**
11:3;16:20,23
**exclusive (1)**
7:5
**exclusively (1)**
8:5
**excuse (2)**
10:6;19:24
**excused (4)**
26:20;27:2,3;43:13
**Exhibit (1)**
28:17
**exhibited (1)**
20:15
**exhibits (1)**
9:16
**experience (2)**
11:17;12:24
**expert (1)**
41:5
**explained (2)**
21:15;23:18
**explains (1)**
4:11
**explanation (1)**
12:2
**expressed (1)**
8:2

**F**

**fact (9)**
9:22;10:20,24;11:1;
12:9;13:14;20:13;
24:1;39:11
**factor (1)**
13:17
**factors (4)**
13:18;18:5;25:15;
26:7
**facts (16)**
6:22;7:5,6,9,12,22;
8:3,4;9:25;10:17,25;
11:14;12:3;13:7;
17:24;20:10
**fail (1)**
35:10
**failing (5)**
15:12;17:11;21:5;
30:7;38:1
**fails (1)**
17:7
**failure (3)**
31:14;40:6;42:22
**fair (3)**
7:12,14;8:18
**fairly (1)**
12:12
**faith (1)**
20:10
**favorable (1)**
8:19
**federal (3)**

34:11;35:5;41:1
**fee (9)**
38:22,23,24,25;
39:1,5,24;41:11,15
**feel (3)**
34:10,17,19
**fees (1)**
33:3
**felt (1)**
10:21
**fifth (1)**
21:5
**file (5)**
38:11,15,21;40:8,
10
**final (3)**
3:17,19;6:21
**find (14)**
9:2,10,21;11:24;
18:6,8;24:16;25:14,
15;26:1,11,12;32:21;
33:15
**finding (3)**
38:17,21;39:3
**fine (10)**
23:14;31:13,14;
37:25;38:1;40:1,7;
42:12;43:2,10
**fines (2)**
32:13;33:3
**finished (1)**
28:20
**fire (1)**
16:25
**first (12)**
4:10;11:13;14:10,
25;16:4,8;19:17;
20:24;21:13;25:21;
26:11,12
**fit (1)**
25:3
**five (10)**
13:19;14:9;27:14,
22,23,24,25;28:3;
40:11,11
**folding (1)**
23:23
**Folks (1)**
28:23
**follow (5)**
7:2;10:15;28:24;
32:10;37:19
**follower (1)**
33:7
**following (1)**
18:18
**follows (1)**
14:19
**force (1)**
19:23
**forces (1)**
30:20
**Forelady (4)**

29:14,19,23;30:1
**foreperson (13)**
27:12,13,17;28:1,5,
8;29:16,18,22,25;
30:3,6,9
**formed (1)**
38:19
**found (6)**
17:17;32:22;38:7;
39:3,21;43:9
**four (7)**
14:24,24;19:16;
20:23;21:13,20;25:23
**fourth (5)**
15:7;19:14;20:2;
21:4;26:12
**frankness (2)**
13:4,4
**free (10)**
4:17;32:24;33:1,16,
18,25;34:8,12;36:15;
39:11
**front (1)**
42:24
**function (5)**
7:4;8:21;12:14;
27:15,21
**further (1)**
35:11

## G

**gear (1)**
16:15
**general (3)**
14:18;15:21;21:6
**generous (1)**
34:3
**gentleman (2)**
34:5;37:10
**gentlemen (4)**
6:12;25:21;28:15;
30:15
**gets (1)**
26:19
**given (2)**
18:19;32:11
**gives (2)**
8:17;13:1
**Good (5)**
3:6,13,14;13:7;
20:10
**government (2)**
16:19;39:13
**grab (1)**
28:24
**greater (1)**
27:14
**guesswork (1)**
7:20
**guidance (1)**
41:9
**guilt (6)**

8:1;9:11;11:22;
12:4,6;22:22
**guilty (49)**
4:24,24;7:11;8:24;
9:3,4,10,11,12,13;
11:24;12:2,13;22,22;
14:5,5,23;16:1;18:17;
19:15;21:10,15;
22:14,20,20;29:21,21,
22,24,24,25;30:2,2,3,
4,5,6,8,8,9;32:20,21,
22;39:3,21,22,25;
40:3,6

## H

**hallway (1)**
3:8
**hand (2)**
11:6;28:13
**handle (2)**
36:24;41:3
**happen (3)**
12:19;17:9;36:23
**happened (1)**
12:19
**harken (1)**
30:10
**head (3)**
41:11,15,18
**hear (5)**
6:18;8:16;33:3;
38:14,16
**heard (7)**
7:18;10:21;15:11;
24:9;32:8;35:1;38:4
**hearing (2)**
8:13;35:25
**help (2)**
33:8;40:24
**here's (1)**
34:25
**highest (2)**
22:10;30:19
**highway (2)**
16:11,18
**highways (1)**
16:20
**himself (4)**
5:8;13:24;14:3;
20:15
**hinted (1)**
8:2
**hire (2)**
4:12;13:25
**history (1)**
31:16
**honest (2)**
34:2,4
**Honor (14)**
3:6,8,22;5:19;28:5;
29:4;31:8,11,17;38:2,
22;41:10,20;42:12

**house (6)**
11:5;35:13;36:1;
37:21;39:23;40:3
**household (1)**
19:11
**housekeeping (1)**
26:15;27:10
**human (2)**
22:5,11
**hydrants (1)**
16:25

## I

**identical (2)**
4:9,10
**identified (1)**
20:15
**identify (1)**
23:5
**ignition (1)**
16:15
**ignore (1)**
7:1
**imaginary (1)**
22:5
**impanel (2)**
26:18,25
**impartial (1)**
7:14
**importance (1)**
12:12,22
**important (3)**
7:7;9:20;27:21
**impose (1)**
37:5
**imposed (2)**
39:4;41:14
**imposing (1)**
41:13
**improbable (1)**
13:6
**include (1)**
16:20
**includes (2)**
31:17;36:3
**including (1)**
32:2
**inconsistent (1)**
12:4
**indicate (1)**
28:1
**indicated (1)**
20:6
**indication (1)**
7:25
**indications (1)**
16:23
**Indiscernible (10)**
6:4;23:6,9,10,17;
24:2,4,7,17,18
**individual (7)**
4:21;5:11,17;13:25;

14:1;35:6;37:6
**inevitable (1)**
11:19
**infer (1)**
11:9
**inference (1)**
8:19
**inferences (4)**
11:1,14,15,19
**influenced (1)**
7:16
**information (2)**
8:15;33:15
**infractions (2)**
38:2;40:12
**injury (5)**
15:9;19:25;41:11,
15,18
**innocence (3)**
8:1;9:2;12:5
**innocent (3)**
9:1;7;22:14
**instance (1)**
32:21;33:13
**Instead (1)**
22:21
**instruct (5)**
3:16;6:22;13:24;
15:9,16
**instructed (2)**
21:23;36:14
**instruction (8)**
3:25;4:10,19;7:1,2;
18:20;23:6;24:7
**instructions (6)**
3:17,19;4:5;6:14,
25;10:11
**intelligence (1)**
13:8
**intended (2)**
10:8;18:8
**intending (1)**
9:20
**intent (2)**
18:7,12
**intentionally (1)**
16:14
**interest (3)**
13:12,14,17
**intersecting (1)**
17:2
**intersection (1)**
17:1
**interstate (1)**
16:20
**into (7)**
9:16;13:6;17:24;
24:18;28:4,19;31:25
**irrelevant (1)**
18:12
**issue (4)**
12:21;18:12,25;
42:23

**issued (1)**
19:9
**issues (1)**
9:20
**item (1)**
15:8

## J

**Jabir (1)**
39:10
**judge (4)**
12:12;30:19;35:25;
42:25
**judges (2)**
7:5;12:13
**judgment (2)**
20:9;22:24
**jurisdiction (1)**
34:11
**juror (9)**
6:18,19;27:3,3,8,9,
12;28:7,7;30:21
**jurors (11)**
6:12,16,24;22:24;
26:17;27:2,15;28:23;
29:12;30:11;31:4
**Jury (34)**
3:16,16,21;4:11,14,
20;6:6,7,10,20;9:9;
23:20;24:8,11;27:4,6,
13,16,21;28:1,8,16,
19,25;29:6,9,10,14,
17;30:10,13,24;31:5;
40:15

## K

**keep (2)**
8:15;11:12
**kind (1)**
18:2
**knew (4)**
15:5;20:3,12;21:20
**knife (4)**
23:11,23;24:20,25
**knives (2)**
23:22,23
**knowingly (2)**
20:2;21:4
**knowledge (1)**
26:5
**knows (1)**
3:15

## L

**lack (1)**
13:4
**ladies (4)**
6:12;25:21;28:15;
30:15
**lanes (3)**

38:3,10;40:8
**larger (1)**
9:22
**law (33)**
6:23,24;7:2,9;8:12,
12,25;9:2;11:11;
15:10,16;16:12;
19:20;21:11;23:13,
13,21;24:3,6,7;32:10;
33:6,6,7,8,12,14,15;
35:12,19;36:14;
40:25;41:5
**laws (10)**
14:18;15:21;16:9;
19:2;21:6;24:5;26:1,
7;36:2,18
**lawyer (1)**
14:4
**least (1)**
30:25
**leave (4)**
3:18,18;11:25;
42:22
**left (1)**
3:20
**length (1)**
32:11
**Leon (6)**
3:3,10;33:17;36:4,
5;39:9
**Leonitus (1)**
39:10
**less (1)**
27:14
**level (1)**
16:19
**license (13)**
18:22,25;19:2,5,8,
12;31:25;32:3;36:3,4,
8,15;41:23
**licensed (1)**
19:4
**lies (1)**
12:15
**life (2)**
11:17;12:25
**lights (2)**
16:24;41:23
**likely (1)**
22:19
**likes (1)**
7:15
**listed (1)**
41:11
**live (1)**
35:20
**lives (4)**
15:24;16:7;17:6;
22:4
**Long (1)**
30:18
**look (5)**
12:20,23;33:2,12;

40:21
**looking (3)**
28:20;32:5;33:8
**lot (1)**
31:2
**Lowell (2)**
30:16;35:20
**Lynn (1)**
32:3

## M

**machete (9)**
15:3,3,5,7,10;24:8;
25:25;26:7,13
**machetes (1)**
25:13
**Madam (1)**
27:7
**Madame (4)**
29:14,19,23;30:1
**mail (2)**
11:7,9
**mailbox (3)**
11:4,7,10
**mailman (3)**
11:4,5,8
**maintained (2)**
16:19;17:2
**makes (1)**
20:9
**making (3)**
8:20;19:18;20:25
**Malden (1)**
31:23
**mandatory (1)**
41:16
**manipulates (1)**
16:14
**manner (5)**
16:6;17:5,23,25;
18:13
**many (1)**
32:8
**marked (3)**
38:2,10;40:8
**Massachusetts (9)**
18:23,25;19:7,12;
21:6;36:2,18;41:1,6
**matter (8)**
3:23;15:10,16;29:3;
42:17,18,19,24
**matters (5)**
22:10;40:16,16;
41:3,20
**may (29)**
4:11;6:8;7:1;9:25;
10:4,5,6,16;11:13,24;
12:16;13:3,6,10,14,
17,23;16:22;18:25;
19:1,3,6;20:14;26:16;
27:19;28:15;29:1,13;
39:1

**maybe (1)**
34:5
**mean (6)**
13:15;22:3,9,25;
39:14;42:3
**means (3)**
12:20;18:20;19:25
**mechanical (1)**
16:14
**member (1)**
19:11
**members (2)**
6:20;30:10
**memory (2)**
10:12;13:9
**midst (1)**
35:3
**might (10)**
4:14,14;7:22,22;
9:21;11:3,6;17:5,21,
23
**mind (5)**
7:21;11:12;24:18,
19;32:5
**minds (1)**
22:8
**mine (1)**
43:5
**ministerial (2)**
27:15,21
**minute (2)**
27:11;31:20
**modified (1)**
4:4
**moment (1)**
26:22
**money (1)**
32:14
**months (5)**
31:12;35:13;36:1;
39:22;40:3
**Moorish (1)**
39:13
**moral (4)**
12:1;22:8,9,22
**more (12)**
5:25;9:22;17:16;
22:19;26:15,19,25;
27:15;30:25;31:2;
32:11;41:8
**morning (4)**
3:6,13,14;11:4
**most (1)**
27:21
**motion (2)**
16:12,16
**motions (1)**
7:24
**motive (1)**
13:10
**motor (30)**
14:21;15:23;16:4,8,
9,13;18:16,19,22,24;

19:3,6,7,8;21:8,14,16;
26:4,6;29:24;30:2;
32:14,15;37:25;
39:25;40:9,12;41:19;
43:6,7
**moves (1)**
31:8
**much (2)**
12:10,22
**municipal (1)**
16:21
**must (22)**
7:2,8;9:13;11:16;
12:3,4,6,23;13:21;
14:24;16:2;17:4;
18:17;19:9,16;20:6,
12,18,23;21:12;22:17,
21
**myself (1)**
5:9

## N

**name (16)**
32:8,24;33:1,16,18,
25;34:7,12,13;36:4,5,
5,15;39:8,11,12
**national (8)**
32:24;33:1,16,18,
25;34:12;36:15;39:11
**nationalism (1)**
34:8
**natural (1)**
11:16
**nature (1)**
15:8
**nearer (1)**
32:6
**necessary (1)**
32:15
**need (5)**
26:19,25;39:9;
42:21;43:5
**needs (2)**
32:10,14
**neglected (1)**
21:17
**neglects (1)**
21:8
**negligent (7)**
16:6;17:19;29:23;
31:12;39:22;41:10,19
**negligently (10)**
15:13,20,23;17:5,7,
13,17,22;18:6,8
**new (3)**
27:4,5;35:12
**next (1)**
43:11
**nolle (2)**
4:5;40:2
**none (1)**
12:17

**non-resident (2)**
19:1,1
**normal (1)**
4:10
**note (1)**
32:4
**notice (1)**
19:11
**noticed (2)**
13:23;26:16
**notify (3)**
27:18;28:3,20
**number (11)**
6:18;9:18,21,23;
27:8;28:7,17;29:20;
32:23;42:13,20

## O

**object (1)**
8:9
**objection (3)**
23:16,17;31:18
**objections (3)**
7:24;8:14,20
**objective (2)**
18:10,12
**obligation (1)**
8:11
**observe (1)**
13:7
**occurred (2)**
9:24;20:19
**October (3)**
42:16,17,19
**offense (6)**
14:23;15:12,16;
16:1;18:17;19:15
**offenses (2)**
7:16;15:15
**offered (1)**
8:9
**OFFICER (32)**
3:10;6:6,8;15:13;
19:18,20,24;20:1,4,7,
8,14,14,16;21:1,9,19,
21;27:18;28:3,11,12,
14,20,23;29:7,9,12;
31:4,23;38:1;40:6
**official (4)**
19:21;20:5,7,8
**Often (2)**
12:25;22:2
**Once (3)**
27:25;28:2,19
**one (24)**
3:22;5:18,25;7:2;
11:4,8,13,18,21;
15:15;17:18;21:13;
24:12,12;25:23;
26:15,22;27:1,10;
32:19;33:2,13;38:11;
43:3

only (14)
    4:14;8:23;10:3,8,
    21;11:6,14,24;12:3,
    16;16:9;30:23;40:11,
    15
open (4)
    16:18;22:5;41:20;
    42:18
opening (2)
    10:7,14
operate (5)
    19:1,3,6,8;32:15
operated (2)
    16:4;18:19
operates (2)
    15:23;16:9
operating (11)
    15:13,20;16:13;
    18:21;21:7,14;31:25;
    32:3;38:20;41:17,22
operation (14)
    16:8;17:25;18:16,
    20;21:15;29:24;30:2;
    31:12,13;37:24;
    39:22,25;41:10,19
opinion (3)
    7:25;8:2,4
opportunity (2)
    8:18;13:7
opposite (2)
    8:15;9:23
order (8)
    7:10;16:1;18:16;
    19:15;21:12;26:11;
    32:15;35:24
ought (1)
    8:4
out (12)
    3:8;5:1,15,17,25;
    28:23,25;31:4,5,23;
    32:1,3
outcome (2)
    13:13,15
out-of-state (2)
    19:3,4
outside (2)
    7:19;8:13
over (5)
    26:21,24;30:17;
    34:12;43:1
overlooking (1)
    32:24
overly (1)
    34:3
overnight (1)
    6:14
own (5)
    10:15,21;12:24;
    35:6;41:2

                P

paper (1)

27:18
paragraph (2)
    4:9,11
part (4)
    12:16;16:14;31:15;
    35:22
particular (6)
    9:22;16:22;17:3;
    20:22;26:10;42:11
parties (7)
    6:8;7:25;8:9,19;
    10:10,13;29:13
passing (4)
    38:3,12,13;40:10
past (1)
    30:18
Pause (7)
    3:12;5:24;14:13;
    15:18;28:10;29:8;
    31:6
paved (1)
    16:24
pay (2)
    32:14;43:11
payment (3)
    41:24;43:1,1
Peabody (1)
    32:1
peace (7)
    14:17,20;15:1,17;
    24:24;25:3;26:3
pedestrians (1)
    18:4
people (3)
    17:6,15;32:22
per (5)
    23:11,19,23;26:1,8
perfect (1)
    14:4
performed (1)
    30:21
Permission (1)
    39:5
person (28)
    14:12,16,21;15:3;
    16:9,12;17:7,8,10,10,
    12,14,17,19;18:14,25;
    19:19,24;20:1,13,20;
    21:7,20;22:13;24:14;
    26:4,5;30:19
personally (1)
    3:20
physical (2)
    17:25;19:23
pick (1)
    26:22
piece (3)
    26:15;27:10,18
place (2)
    15:22;33:14
placed (2)
    20:20;39:23
please (5)

3:11;8:3;28:24;
    29:12;43:12
pm (2)
    31:5;43:14
point (1)
    5:11
police (17)
    15:13;19:18;20:4,7,
    8,13,16,21,25;21:6,9,
    19,21;30:8;31:23;
    38:1;40:6
popular (1)
    7:17
possible (3)
    22:4,5,10
potential (1)
    17:20
predicate (1)
    38:20
prejudice (1)
    7:14
present (1)
    6:12
presented (3)
    8:17;10:25;34:1
presents (1)
    33:14
presumed (2)
    9:7;22:13
presumes (1)
    8:25
presumption (2)
    9:1,8
pretense (1)
    33:17
pretrial (3)
    42:2,17,19
pretty (1)
    22:2
prevent (3)
    19:18;20:3,24
prevented (2)
    19:17;20:24
previously (2)
    19:9;40:2
prior (3)
    31:16,24;32:6
pro (3)
    23:5,10;25:14
probability (2)
    22:18,19
probable (1)
    13:6
probably (1)
    22:2
probation (9)
    34:9,15;35:11,25;
    37:23;39:23;40:4;
    42:21;43:12
probationary (4)
    34:16;35:10,17;
    36:25
proceed (1)

4:12
PROCEEDINGS (4)
    3:1,2;21:23;43:14
produce (1)
    9:7
produced (1)
    36:17
produces (1)
    9:3
promise (1)
    30:24
proof (7)
    9:17;11:11;22:1,3,
    4,14,25
proposal (1)
    4:10
prose (1)
    4:5
prosecutor (1)
    22:15
prosed (1)
    40:2
proud (1)
    30:22
prove (19)
    9:20;12:6;14:23,24;
    16:1,2;17:4;18:16,17;
    19:10,15,16;20:6,12,
    18,23;21:12,12,24
proved (8)
    7:10;9:11;10:20,24;
    11:2,14;15:14;22:6
proven (2)
    12:3;22:14
proves (1)
    9:4
provides (3)
    14:19;15:21;21:7
proving (1)
    20:14
prudent (2)
    17:10,12
public (13)
    7:17;15:17,22,24;
    16:5,7,17,18,19,22,
    23;17:23;18:9
publicly (1)
    17:2
pulled (1)
    32:25
punished (2)
    14:22;15:25
purpose (1)
    8:14
put (6)
    5:11;10:2;17:19;
    22:11;38:10;39:9
putting (1)
    5:17

                Q

qualify (1)

26:7
quality (1)
    9:17

                R

raise (2)
    28:12;39:5
raised (1)
    5:10
rate (1)
    17:25
read (2)
    7:18;35:1
ready (2)
    3:21;5:21
real (1)
    7:21
reason (2)
    22:23;26:18
reasonable (29)
    9:5,10,12;11:1,16,
    20,22;12:2,7;13:5;
    14:25;15:14;16:2;
    17:4,8,14;18:11,13,
    18;19:16;20:23;
    21:13,24;22:1,3,6,16,
    22,25
reasonably (4)
    11:9;17:10,10,12
recall (1)
    9:15
recalls (1)
    13:16
receive (1)
    12:12
received (3)
    9:16;19:11;32:2
recess (2)
    6:13;29:2
reckless (2)
    35:19;37:5
recollection (1)
    10:15
recommendation (5)
    31:10,11,15;34:3;
    37:20
reconstituted (1)
    27:5
reconvene (1)
    27:19
record (7)
    6:11;10:5;31:17;
    32:5,23,25;33:1
recorded (1)
    30:11
refer (1)
    22:9
reflect (1)
    6:11
refused (2)
    21:17,17
refuses (1)

21:8
**regarded (1)**
23:22
**registered (3)**
19:4;43:7,8
**registration (1)**
43:4
**Registry (2)**
18:24;19:7
**regular (1)**
20:9
**regulations (2)**
34:7,15
**relates (1)**
13:22
**relating (1)**
22:10
**relevant (7)**
8:15,16;18:5,7,12;
31:18,19
**reluctantly (1)**
37:19
**remain (2)**
7:20;29:13
**remaining (2)**
22:16;27:12
**replied (1)**
6:16
**report (2)**
42:21;43:12
**represent (6)**
4:18,22,23;5:8;
14:1,3
**represented (2)**
4:20;13:24
**representing (1)**
5:9
**represents (1)**
4:21
**required (4)**
9:6;11:18,19;18:7
**requirement (1)**
39:2
**requires (3)**
8:12;9:10;18:10
**researching (1)**
34:22
**resides (1)**
19:3
**resist (1)**
40:3
**resistance (1)**
20:19
**resisted (2)**
19:22;21:3
**resisting (3)**
19:14;30:4;31:12
**resolve (1)**
12:15
**respect (2)**
33:23;37:11
**respected (1)**
33:25

**responsibility (2)**
8:5,21
**responsible (8)**
38:8,10,15,21;40:8,
9,10;43:9
**resulted (1)**
17:18
**Resume (1)**
6:8
**return (1)**
13:21
**revocation (1)**
35:25
**revoked (2)**
19:8;31:25
**right (39)**
3:15;4:19,22;5:11,
14,14,21;6:20;7:21;
13:25;14:1,4;15:22;
18:22;19:12;23:12,
24;25:4,9;28:9,11,13,
15,22;30:15,20;
32:17;33:5,22;35:16;
37:3,3,4,7;38:4;41:9,
25;42:10,18
**rise (4)**
6:6;28:23;29:9;
31:4
**risk (1)**
19:25
**RMV (4)**
32:23,25;33:1;
36:14
**road (4)**
17:19,21;18:2,3
**roads (1)**
16:21
**room (2)**
27:13;28:19
**rule (3)**
8:13;9:2;11:15
**rules (3)**
8:10;34:7,15
**ruling (1)**
7:24
**rulings (1)**
8:14
**run (1)**
40:5

**S**

**safety (4)**
15:24;16:7;17:6;
18:9
**same (6)**
32:19,20,21;33:14;
40:4;42:21
**satisfies (1)**
22:23
**satisfy (1)**
26:10
**saw (1)**

3:8
**saying (2)**
36:22;40:20
**school (1)**
40:25
**Science (1)**
39:13
**se (8)**
23:5,10,11,19,23;
25:14;26:1,8
**seat (3)**
6:18;27:8;28:7
**seated (3)**
6:8;29:1,13
**second (11)**
4:9;11:15;15:2,19;
16:5,17;18:21,24;
19:20;21:1;27:21
**Section (3)**
14:18;15:21;21:7
**securely (1)**
20:20
**seeking (1)**
20:13
**seem (1)**
33:10
**seems (1)**
13:9
**sees (2)**
11:4,6
**selected (2)**
26:24;27:13
**self (1)**
4:20
**sends (1)**
32:10
**sense (2)**
11:17;12:24
**senses (1)**
10:21
**sentence (12)**
5:18;31:13,24;
32:10;34:9,16,16;
35:10,17;36:1;37:21,
21
**sentences (1)**
32:2
**sentencing (3)**
31:9;32:18;37:17
**separate (3)**
13:21;14:9;27:22
**separately (2)**
13:21;27:24
**September (2)**
39:24;40:5
**sequence (1)**
16:16
**serious (2)**
15:9;32:12
**serve (3)**
27:12;30:20,21
**service (4)**
26:24;30:17,19;

31:3
**session (1)**
42:20
**set (2)**
16:12,16
**seven (3)**
6:11,16;26:18
**seventh (1)**
42:20
**shall (2)**
14:22;15:24
**sheer (1)**
9:18
**shift (1)**
16:15
**short (1)**
8:6
**show (1)**
13:8
**sick (2)**
26:19;27:2
**side (2)**
7:15;8:9
**sidebar (4)**
8:12,20;23:3;25:20
**sign (2)**
27:18;28:2
**signal (1)**
32:10
**signaled (2)**
21:9,19
**signs (1)**
16:24
**simple (1)**
11:3
**situation (1)**
17:24
**situations (1)**
18:9
**six (8)**
26:17;27:1,11;
31:12;35:13;36:1;
39:22;40:3
**six-month (1)**
37:21
**skepticism (1)**
35:16
**skewed (1)**
35:4
**slightly (1)**
4:4
**slip (1)**
28:2
**slips (1)**
27:22
**smaller (1)**
9:21
**sole (2)**
7:5;12:13
**solely (4)**
7:12;8:5;11:23;
22:11
**someone (4)**

26:19,20;34:15,17
**somewhat (1)**
37:18
**sooner (1)**
42:9
**sort (2)**
33:12;34:6
**speak (4)**
4:2;8:11,20;31:20
**SPEAKER (3)**
23:8;39:5,8
**special (1)**
7:1
**speculate (1)**
7:21
**speed (1)**
17:25
**stake (1)**
9:20
**stand (1)**
13:4
**standard (1)**
18:11
**standing (1)**
29:13
**start (1)**
26:21
**state (6)**
6:24;16:20;18:20;
19:2,6;35:6
**statement (1)**
23:10
**statements (2)**
10:7,14
**States (6)**
35:4,5,6;41:2,4,5
**status (2)**
41:22;42:17
**statute (2)**
23:11;41:14
**statutory (1)**
39:2
**stay (1)**
3:19
**stays (1)**
9:8
**step (1)**
28:24
**still (3)**
19:6;22:16;43:7
**stop (1)**
15:13;21:6,8,9,18,
19,21;30:8;31:14;
38:1;40:6
**straight (3)**
23:11,22,23
**street (6)**
16:11,18,22,24,24;
17:1
**streets (1)**
16:21
**strength (2)**
9:17,19

**strike (2)**
5:1;14:14
**striking (2)**
5:15,17
**strong (1)**
22:19
**struck (2)**
5:25;10:4
**studying (1)**
34:24
**stuff (2)**
32:20;33:1
**subject (1)**
35:13
**subjecting (1)**
35:24
**submitting (1)**
4:4
**subsequent (1)**
41:23
**substantial (1)**
19:25
**substitute (1)**
10:8
**substituted (1)**
27:4
**subtle (1)**
12:1
**suggest (1)**
34:25
**suggesting (1)**
15:11
**summary (1)**
20:22
**summons (1)**
30:25
**superior (1)**
30:18
**supervision (3)**
38:22,24;39:5
**sure (8)**
3:24;4:1,8;5:3;6:2;
8:16;35:18;42:14
**surrounding (1)**
20:10
**suspended (16)**
19:8,13;31:12,24,
24;32:2,3,9;33:4;
34:9,16;36:4;37:22;
39:23;40:4;41:23
**sway (1)**
27:13
**swayed (1)**
7:14
**swear (1)**
28:11
**sworn (2)**
22:24;28:14
**sympathy (1)**
7:15

**T**

**table (1)**
3:11
**telling (2)**
36:20;40:19
**Temple (1)**
39:13
**tends (1)**
16:12
**term (1)**
22:1
**terms (2)**
35:11;42:21
**testified (2)**
9:22,23
**testifies (2)**
10:19;13:8
**testify (1)**
10:23
**testifying (3)**
13:5,11,12
**testimony (9)**
9:15;10:13;12:10,
11,14,18,23;13:5;
15:11
**thanks (1)**
30:23
**Therefore (1)**
18:11
**thinking (1)**
24:18
**Third (7)**
15:5;16:6;17:3;
18:15;19:22;21:3;
38:11
**though (2)**
22:2;32:4
**thought (1)**
40:11
**threatening (3)**
19:23;36:19,20
**three (9)**
16:2;21:19;26:2,7,
9,11,13;30:25;31:1
**throughout (3)**
21:23;32:9;37:10
**today (1)**
41:24
**together (1)**
11:21
**told (7)**
7:4;8:8,22;10:5;
22:13;24:8;25:23
**took (1)**
33:2
**total (1)**
13:19
**towards (1)**
7:15
**Town (1)**
35:20
**travel (1)**
16:10
**trial (14)**

3:3;6:9;7:24;9:24;
10:12;11:12;14:2,3;
26:21;32:9;33:19;
34:4;37:10;40:15
**tricked (1)**
24:17
**tricking (1)**
24:19
**true (1)**
22:9
**truth (2)**
12:15;13:16
**try (1)**
40:18
**trying (2)**
13:15;33:5
**turned (1)**
31:25
**Turner (1)**
23:22
**two (10)**
10:16;11:12;18:18;
21:17;30:18;31:13;
32:23;37:22,23;41:20
**type (1)**
11:11
**types (1)**
10:16
**typically (2)**
23:22;24:25

**U**

**unable (1)**
5:2
**unalienable (1)**
33:5
**unanimous (1)**
9:13
**unanimously (1)**
9:9
**unanswered (1)**
7:20
**under (30)**
8:10;14:12,16,21;
15:3,5;16:9;17:11;
18:14;19:2,20;20:4,7,
8,21;21:1;23:11,13,
13,21;24:14;25:25;
26:4,6,7;33:17;34:8;
35:7;41:22;42:21
**understood (1)**
22:2
**unfavorable (1)**
8:19
**UNIDENTIFIED (3)**
23:8;39:5,8
**uniform (3)**
20:15,15;21:9
**United (2)**
35:4;41:4
**unlawfully (2)**
14:11;18:8

**unless (3)**
9:3,8,11
**unlicensed (5)**
18:15;30:1;31:13;
37:24;39:25
**unnecessary (1)**
17:15
**unpopular (1)**
7:17
**unreasonable (1)**
13:6
**unregistered (5)**
38:3,4,5;40:9;43:6
**unsuspend (2)**
36:5,12
**up (2)**
3:20;39:17
**upon (5)**
13:8;14:19;15:22;
29:14,17
**use (8)**
4:24;6:3;10:16;
14:4;17:7;19:23;24:4,
11
**used (2)**
22:2;30:19
**using (3)**
19:22,24;24:6
**usual (1)**
16:23

**V**

**valid (3)**
5:10;19:2,5
**vehicle (41)**
14:12,16,21;15:4,6,
23,23;16:4,8,9,12,13,
13,15,16;18:1,2,16,
19,22;19:1,3,4,7;21:8,
15,16;24:14;26:5,6;
29:24;30:2;32:14,15;
37:25;39:25;40:9,12;
41:19;43:6,7
**vehicles (4)**
18:4,24;19:7,8
**verdict (14)**
8:4;9:12;13:22;
26:18;27:22,25;28:1,
4;29:4,11,15,17;
30:10,12
**version (2)**
4:4;13:2
**victim (4)**
38:22,24;39:1,24
**view (1)**
35:4
**violating (1)**
21:10
**violation (7)**
38:3,3,12,13;40:8,
10;41:23
**violence (1)**

19:23
**vis-à-vis (1)**
35:5
**volume (1)**
9:18

**W**

**waiting (1)**
29:5
**waive (1)**
38:24
**waived (1)**
39:24
**waiving (1)**
39:4
**wants (1)**
4:18
**warrant (1)**
42:23
**watch (1)**
28:23
**way (11)**
8:17;15:22;16:5,17,
19,22,23;17:8,13,20;
37:12
**weapon (20)**
14:10,11,15,22;
15:7,8,10;24:1,9,25;
25:12,14,15,22;26:1,
8,9,14;29:21;39:20
**weapons (1)**
23:19
**weather (1)**
18:3
**weight (4)**
9:19;12:10;27:14,
14
**well-known (1)**
16:10
**what's (6)**
3:15;23:19;31:10;
33:10;34:8;41:15
**whenever (1)**
16:13
**wherein (1)**
29:20
**whole (1)**
7:1
**within (2)**
25:3;35:6
**without (4)**
26:21;35:24;36:3;
40:17
**witness (22)**
9:6;10:3,19,22,23;
12:11,16,20,22,25;
13:4,7,10,11,12,14,15,
16;38:22,25;39:1,24
**witnesses (6)**
9:15,19,21,23;12:9,
13
**witness's (4)**

12:18,23;13:3,17
**word (3)**
5:7,15;37:9
**wording (1)**
39:16
**work (1)**
30:22
**worth (1)**
8:18
**write (1)**
27:17

**Y**

**years (5)**
30:25;31:2,13;
37:22,23
**Yep (4)**
4:3;5:5,22;29:7
**yesterday (6)**
7:4;8:8,22;42:1,25;
43:10
**you'd (1)**
35:17

**0**

**08-861421 (1)**
32:1

**1**

**1 (1)**
39:20
**10 (1)**
35:7
**10:08 (1)**
23:3
**10:11 (1)**
25:20
**10:16 (1)**
28:25
**10:17 (1)**
29:2
**10b (1)**
14:18
**11:54 (1)**
29:2
**11:58 (1)**
29:10
**11th (3)**
42:16,17,19
**12:00 (1)**
31:5
**12:15 (1)**
43:14
**1911CR365 (1)**
29:20
**194458 (1)**
42:14

**2**

**2 (6)**
28:18,19;37:20;
39:22;40:5;42:20
**20 (1)**
28:7
**2010 (1)**
31:24
**2012 (1)**
32:6
**2015 (1)**
32:6
**2021 (2)**
39:24;40:5
**24a (1)**
15:21
**25 (1)**
21:7
**269 (1)**
14:18

**3**

**3 (7)**
6:18;28:7;34:11;
37:25;39:25;40:17;
41:1
**3rd (2)**
39:24;40:5

**4**

**4 (2)**
37:20;40:2
**49 (1)**
41:2

**5**

**5 (1)**
40:3

**6**

**6 (1)**
40:6

**7**

**7 (3)**
27:8,8;40:8

**8**

**8 (1)**
40:9

**9**

**9 (2)**
40:10;42:20
**9:40 (1)**
3:2
**9:44 (1)**

6:7
**90 (2)**
15:21;21:7