DISTRICT OF MASSACHUSETTS

LEONITUS JABIR BEY,  C.A. NO.: 19-10219- PBS
     Plaintiff,

v.

DAVID PENDER,
     Defendant

## DEFENDANT DAVID PENDER'S OPPOSITION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

To the extent that the pleading filed by the *pro se* plaintiff entitled *"The Writ of Summary Judgment"* is considered his opposition to the defendant's Motion for Summary Judgment, the following is the defendant's reply.

<u>Reply to the Plaintiff's Opposition to the Defendant's Motion for Summary Judgment</u>

1. The *pro se* plaintiff did not respond to the defendant's Concise Statement of Material Facts of Record to Which he Contends that there are No Genuine Issues to be Tried. Therefore, each of the defendant's Concise Statement of Facts should be considered as admitted.

2. Plaintiff did not address the argument that defendant is entitled to summary judgment pursuant to the doctrine set forth in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364 (1994) nor did he address that the claims are precluded by judicial estoppel.

3. The *pro se* plaintiff did not address the defendant's position that he has no plausible claim for genocide pursuant to 18 U.S.C. § 1091(a).

4. To the extent that the *pro se* plaintiff argues that the defendant is not entitled to qualified immunity because it arose out of a motor vehicle stop, he is incorrect. The reasonable force used by the defendant was in response to the *pro se* plaintiff hitting the defendant and knocking the taser out of his hand.

WHEREFORE, for all the above reasons, defendant's motion for summary should be allowed.

<u>Defendant's Opposition to the Pro Se Plaintiff's Cross Motion for Summary Judgment</u>

The *pro se* plaintiff did not set forth a separate document with a Concise Statement of Material Facts of Record to Which He Contends that There are No Genuine Issues to be Tried. He set forth four numbered "facts" in his motion. The defendant responds to those Facts.

The defendant denies Fact 1, that the defendant knowingly and intentionally used unnecessary force by treating a traffic infraction as a crime. The defendant agrees to Fact 1 in so far as he stated in his deposition the items quoted. The defendant denies the remainder of Fact 1 as arguments of law.

As to Fact 2, the *pro se* plaintiff set forth non-relevant statements regarding a domestic matter between the defendant and the defendant's wife. The statements are inadmissible hearsay, not otherwise established by affidavit or other admissible evidence and should be stricken. Fact 2 is otherwise denied.

With regard to Fact 3, the defendant agrees that the defendant's deposition statements are accurate.

**ARGUMENT**

The defendant incorporates his arguments in his motion for summary judgment as his opposition to the *pro se* plaintiff's cross motion for summary judgment. In summary, the force used by the defendant was reasonable after being attacked by the *pro se* plaintiff and that the defendant is entitled to qualified immunity. Further, the *pro se* plaintiff's claims are barred by judicial estopped and the doctrine of <u>Heck v. Humphrey</u>. The defendant had probable cause for the motor vehicle stop. Probable cause has been further established as the *pro se* plaintiff was

found guilty at his criminal trial of negligent operation of a motor vehicle and failing to stop for a police officer. He was also found responsible on the civil marked lane violation and the passing lane violation.

The *pro se* plaintiff's argument that the defendant has a predisposition to using force is unsupported by admissible evidence.  He attaches to his motion  a newspaper article about  a domestic matter and a suspension from the Police Department  because of the use of force against a high school student.  Notwithstanding that the evidence contained in the exhibit is inadmissible hearsay, evidence of a prior wrongful act is not admissible to prove a person's character in order to show that on a particular occasion a person acted in accordance with the character.  Fed.R.Evid. 404 (b)(1).

The cross motion for summary judgment further alleges that the defendant operated under color of law which is violation of federal law. This is not a plausible claim.  The plaintiff sets forth the U.S. Code for conspiracy (18 U.S.C. § 241) without any additional facts to support a plausible claim to that there was a conspiracy to violate his rights.  Further, although the *pro se* plaintiff sets forth the statute for genocide (18 U.S.C. § 1091) he alleges no facts to support a plausible claim of genocide.  The *pro se* plaintiff's claim that the defendant is "guilty" because of a "drunken assault on his wife, " the use of unnecessary force against a minor and involvement in a sexual harassment charge against a co-worker is not admissible and should be stricken.

For all the above reasons, the defendant moves the court to deny the *pro se* plaintiff's Writ of Summary Judgment and allow the defendant's Motion for Summary Judgment.

The Defendant,

By his attorney,

/s/*Bradford N. Louison*

Bradford N. Louison, Esq. BBO#305755
blouison@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street
Boston, MA 02110
(617) 439-0305

Date:  October 7, 2020

### CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be served by email to:

Leonitus Jabir Bey
Rah Leonidas Yamexum Bey
ryamexum@gmail.com
P.O. Box 1934
Lowell, Mass 01854

/s/ *Bradford N. Louison*

Bradford N. Louison

Dated:  October 7, 2020