United States District Court for the District of Massachusetts

FILED
IN CLERKS OFFICE
2021 APR 27 PM 3:51
U.S. DISTRICT COURT
DISTRICT OF MASS.

Case Number: 19-10219-PBS

Leonitus Jabir Bey

Plaintiff,

v.

David Allen Pender

Defendant

## WRIT OF DEMURRER

### To strike defendants opposition to summary judgement

1) No concise statement of material facts of record was ever presented by the defendant. Only moot opinions where the defendant states in said concise statement of material facts, P 41:6 follow up statement P 41:9 with follow up answer P41:10 in which the issue still remains the violation of my fourth amendment right. Therefore each of the plaintiff's concise statement of facts should be considered as admitted.

2) The doctrine set forth in Heck v. Humphrey does not apply therefore is moot argument nor is there any evidence of a judicial estopple

3) The defendants position on genocide does not negate the actions leading up to genocide pursuant to 18 U S code 1091 (a)(4)

4) Pursuant to Graham v. Connor (1989) along with the Graham factors. As well as the 4 prong factor pursuant to Johnson v Glick. The extent of the plaintiff's claims is supported by said stare decisis. Furthermore defendant failed to respond to the arguments leading up to reasonable force.

The Court must strike defendants "OPPOSITION TO THE PLANTIFF'S MOTION FOR SUMMARY JUDGEMENT", for the following reasons.

No such motion was filed. Plaintiffs filed a 'Writ of Summary Judgement' respectfully commanding the court to rule in favor of the plaintiff based on the material and or substantial facts as to the events that transpired between the plaintiff and the defendant. To which, judicial notice was given in said writ regarding specific res judicata that must be adhered to, to include federal laws of the united States. All referenced res judicata clearly shows and displays the courts obligation to rule in favor of the plaintiff while proving how failing to do so violates the constitutional laws of the united States; decisions of previous Federal and State Judges; at alia, article IV section 1 of the united States constitution.

Clearly neither the defendant nor his attorney are keeping track of the facts that's have transpired thus far. Obviously the defendant disregards

all concise consistent facts, exhibit and testimonies brought forth in the initial filing of said suit up until recent deposition and summary judgement. The defendants disregard to stare decisis such as Graham v. Connor 490 U. S. 386,396-97(1989) which is guarded by the Graham factor, along with Johnson v Glick which brings about the prong test which has four prongs that must be met.

FURTHERMORE Justice Rehnquist goes on to quote:

"Officers evil intensions will not make fourth amendment violations out of an objectively reasonable use of force; nor will an officer's good intention make an objectively unreasonable use of force constitutional"

As well as Defendants provide no substantial objections to the material and or substantial facts that transpired between the plaintiff and defendant. He states in concise statement of material facts of record

P41:6 where the defendant state and I quote "That's all that matters when it comes arresting somebody is what I think. It's not what you think sir."

To be clear Fed R.Evid 404 (b)(1) is moot due to the fact that the state not only uses individuals records against them they have denied the people rights based off record, and all material fact brought forth are part and parcel the defendants record weather it can determine if his actions are of that character, does not negate the repetitive behavior of said characteristic's of said defendant.

Defendant has lost sight as to the facts being disputed in this case and is therefore attempting to cause an administrative default, as is clear in

defendants "Reply to Plaintiff's Opposition to the Defendant's Motion for Summary Judgement" enumerated paragraph 1. The former Chief Judge of the United States District Court for the District of Massachusetts, the Honorable Madam Patti B. Saris stated that a judgement will only be made in regards to whether or not the defendant used excessive force or not. Since the defense has no way to deny the fact that the defendant did in fact use excessive force during the traffic stop. As well as the defenses attorney admitting the law enforcers use of excessive force. All the defense can do is prolong this case and attempt to enforce adjective or procedural rules of the court to attempt to dismiss the case. All claims made by the defense other than those regarding the substantial facts of the case are frivolous and moot. Especially in reference to minute errors in procedure. See *Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox, 456 2nd 233. Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers.*


Even as a first time pro se litigant in one of the most respected courts of this country, it is clear that plaintiff has clearly made a claim upon which relief may be granted even if not specifying which USC the defendants may be charged in pursuance thereto. Plaintiff further seeks that the judge finds, within reason, what relief is to be granted based on the claim, not as the plaintiff's attorney or consul, but as an administrator of the law. See *Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938). Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is*

*important, but its importance consist in its effectiveness as a means to accomplish the end of a just judgement.*