UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEONITUS JABIR BEY,                                C.A. NO.: 19-10219- PBS
    Plaintiff,

v.

DAVID PENDER,
    Defendant

## DEFENDANT'S MOTION TO COMPEL
## *PRO SE* PLAINTIFF TO PROVIDE FURTHER DISCOVERY RESPONSES

Now comes the defendant in the above-entitled matter and moves the court for an order that the *pro se* plaintiff ("Bey") provide responses, further testimony and documents with regard to all claims for damages both financial and medical, that he intends on introducing into evidence at trial.

Bey was deposed on May 20, 2020 (see transcript of deposition attached Ex. 1 ).

In his deposition Bey testified that as a result of the incident with the defendant, the defendant "cost me over a million-dollar contract." (Exhibit 1 - Deposition Transcript pp. 55-56). He alleges that because he had to go to court, he missed out on a contract meeting. (Exhibit 1 - deposition transcript pp. 56-57). Bey would not provide the identity of the person with whom he was meeting.

Q. What's his name?

A. I would have to go through my notes and get his name which I am going to tell you now I'm not going to give it out. That's private.

Q. Ok, I'm just saying that you are not going to be able to claim that you lost this painting contract if you don't provide me with the information, that's all.

1

A.       I am not going to be able to claim if I don't provide you with this information?

. . .

Q.       Yes, you can tell that story, but if you – you've got to give me the guy's name. You've got to give me the contract so that I can talk to him to see if, in fact, that was the case.

A.       According to the constitution, I don't have to do any of that.

(Exhibit 1 - deposition transcript pp. 57-58).

Bey was asked about his medical treatment and he testified at his deposition that he was in counseling with a "holistic psychological nurse, she counsels me and treats me and keeps me better. She is the one I get herbal medicine from when the doctors only try to give me drugs."

Q.       Tell me her name again, it broke up when you said it.

A.       I'm going to leave her name off the record.

(Exhibit 2 - deposition transcript pp. 12-13).

Q.       Are you going to introduce that treatment in a trial in this case?

A.       No, I am not. It's ancestral and I can't do that. I would need permission from the gods to do that and I cannot.

(Exhibit 2 - deposition transcript p. 14).

The defendant served Bey with requests for production of documents seeking all records relative to medical treatment and damages. No documents were provided.

The defendant is entitled to all information and material with regard to the damage claims. It is anticipated Bey will introduce into evidence by his own testimony his alleged damage claims but he was asked to identify the persons involved and he specifically refused to provide that information and therefore he should not be allowed to introduce such evidence at trial. .

The defendant is entitled to all information and documents which *pro se* plaintiff intends on introducing into evidence and without which the defendant would be greatly prejudiced not only if Bey introduces those documents without previous disclosure but, moreover, it is anticipated that Bey will testify to these matters without witnesses or documents. The defendant is unable to investigate or cross-examine without the information, notably the names of any medical treatment providers or persons to or from whom he is claiming a financial loss such as the person who he said he was in a contract negotiation.

The interrogatories (Exhibit 2) and the Request for Production of Documents (Exhibit 3) were served on the plaintiff by mail on October 24, 2019.

WHEREFORE, the defendant requests an order that the *pro se* plaintiff provide additional answers to his discovery responses, namely, (a) the identification of the person whom he lost the million contract with; (b) all persons from whom he has obtained any type of medical or therapeutic or psychological treatment; and (c) documentation with regard to all financial losses including his federal tax returns, and lost wage information, etc.

Alternatively, failing a disclosure as requested above, that the *pro se* plaintiff be prohibited from introducing any evidence, testimony or argument with regard to any financial loss or medical treatment at trial.

## LOCAL RULE 37.1 CERTIFICATION

On May 5, 2020, undersigned counsel wrote a letter to the *pro se* plaintiff inviting him to a discovery conference pursuant to Local Rule 37.1 asking him for the identification of the person whom he said he lost the contract with, the name of his therapist and to provide responses to interrogatories and the requests for documents, as to claimed lost time from work,

financial losses, and other documents including tax returns in response to Interrogatory Nos. 7, 8, 12 and 18 and Request for Production of Documents No. 2, 4, 8 and 13.  As of the date of this motion, the *pro se* plaintiff has not responded.

                    The Defendant,

                    By his attorney,

                    /s/*Bradford N. Louison*

                    Bradford N. Louison, Esq. BBO#305755
                    blouison@lccplaw.com
                    Louison, Costello, Condon & Pfaff, LLP
                    101 Summer Street
                    Boston, MA 02110
                    (617) 439-0305

Date:  May 14, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be served by first class mail or via email to:

                Leonitus Jabir Bey
                P.O. Box 1934
                Lowell, Mass 01854

                    /s/*Bradford N. Louison*

                    Bradford N. Louison

Dated:  May 14, 2021