UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEONITUS JABIR BEY,                               C.A. NO.: 19-cv-10219PBS

    Plaintiff,

v.

DAVID PENDER,

    Defendant

## DEFENDANT DAVID PENDER'S TRIAL BRIEF

The defendant's motion for summary judgment was allowed in part as to the pro se plaintiff's claim for unlawful arrest and denied as to the claims of excessive force.

The claim for unlawful arrest were barred based on the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994) as a result of the pro se plaintiff's conviction for failure to stop for a police officer.

The defendant contends that the plaintiff refused to get out of the car despite numerous commands. A struggle ensued after the *pro se* plaintiff knocked the defendant's taser from the defendant's hand. Mr. Bey was arrested and charged with a number of offenses: carrying a dangerous weapon pursuant to M.G.L. c. 269, §10, negligent operation of a motor vehicle pursuant to M.G.L. c. 90, § 24(2)(a), unlicensed operation of a motor vehicle c. 90, § 10, providing false information to law enforcement pursuant to c. 268, § 34A, resisting arrest pursuant to M.G.L. c. 268. § 32B, failing to stop for a police officer pursuant to c. 90, § 25, a marked lane violation pursuant to c. 89, § 4A, operating an unregistered motor vehicle pursuant to c. 90, § 9, and a passing violation pursuant to M.G.L. c. 89. § 2.  (Exhibit 1 - Criminal Complaint of the Lowell District Court attached to Plaintiff's Complaint, Document 1-1, p. 21-24.

After a jury trial at Lowell District Court on September 3-September 4, 2019, the verdict and findings on the charges were as follows: resisting arrest – guilty – sentenced to six months in the house of correction, suspended with probation until September 3, 2021 concurrent with the charge of negligent operation of a motor vehicle; negligent operation of a motor vehicle – guilty – sentenced to six months in the house of correction, suspended with probation until September 3, 2021; unlicensed operation of a motor vehicle – guilty - $500.00 file; carrying a dangerous weapon – not guilty;  providing false information to law enforcement – *nolle prossed*;; failing to stop for a police officer – guilty - $100.00 fine; marked lane violation – responsible filed; unregistered vehicle – not responsible; passing lane violation – responsible, filed. (Exhibit 2 – Certified docket from the Lowell District Court in the case of Commonwealth of Massachusetts v. Leon J. Campbell, Lowell District Court Docket No. 1911CR000365.)

Mr. Bey represented himself in the criminal trial and testified under oath. (Exhibit 3 – Transcript of the jury trial in the case of Commonwealth of Massachusetts v. Leon J. Campbell, Lowell District Court Docket No. 1911CR000365.) No appeal was ever filed.

The defendant addresses only the remaining issue of excessive force and as the court denied the defendant's motion for summary judgment as a result of genuine issues of material fact thus the defendant will address only the following.

**Qualified Immunity.**

Qualified immunity dictates "that 'government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991), quoting Harlow v. Fitzgerald, 457 U.S. 800, 812 (1982).

The qualified immunity inquiry is a two-part test, where a court must decide, (1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right and (2) if so, whether the right was "clearly established" at the time of the defendant's alleged violation. <u>Maldonado v. Fontanes</u>, 568 F.3d 263 (1st Cir. 2009), <u>citing Pearson v. Callahan</u>, 555 U.S. 223, 223-224 (2009).  The second prong of the test contains dual aspects.

Officer Pender's actions passed the two-prong test.  The defendant officer utilized force in defense of the attack by the *pro se* plaintiff.  *Pro se* plaintiff was ordered to exit the vehicle, he resisted removal from the vehicle and when he did, he engaged in assaultive conduct against the police officer by knocking the taser out of his hands.  The *pro se* plaintiff was clearly resisting and actively assaultive and the facts do not indicate excessive force nor would an objectively reasonable police officer believe he was violating the *pro se* plaintiff's civil rights in defending himself against the pro se plaintiff's assaults.

**<u>Evidentiary Issues.</u>**

The defendant has propounded evidentiary issues in his motions in limine which includes a motion to prohibit the pro se plaintiff from attempting to introduce into evidence   matters involving the defendant' s disciplinary record including civilian complaints, administrative  charges or domestic criminal charges.  It is anticipated that the pro se plaintiff will attempt to testify to such matters without proper evidentiary foundation or other admissible evidence but for  his recollection newspaper articles which he read.   Even with a proper foundation, Fed. R. Ev. 404 (b)  acts to prohibit the pro se plaintiff from introducing evidence of other crimes, wrongs or acts  in order to

show that the defendant acted toward the pro se plaintiff in accordance with the character.

                                                                        The Defendant,

                                                                        DAVID PENDER,

                                                                        By his attorney,

                                                                        /s/*Bradford N. Louison*

                                                                        _____
                                                                        Bradford N. Louison, Esq. BBO#305755
                                                                        blouison@lccplaw.com
                                                                        Louison, Costello, Condon & Pfaff, LLP
                                                                        101 Summer Street
                                                                        Boston, MA 02110
                                                                        (617) 439-0305

Date:   June 9, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be served by first class mail or email to:

Leonitus Jabir Bey
P.O. Box 1934
Lowell, Mass 01854
ryamexum@gmail.com

/s/*Bradford N. Louison*

Bradford N. Louison

Dated:  June 9, 2021