UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEONITUS JABIR BEY,   C.A. NO.: 19-10219- PBS
    Plaintiff,

v.

DAVID PENDER,
    Defendant

**MOTION IN LIMINE TO PROHIBIT
*PRO SE* PLAINTIFF FROM ARGUMENT OR
HIS OWN TESTIMONY FROM MENTIONING
ANY PRIOR DISCIPLINE OR CRIMINAL CHARGES
AGAINST THE DEFENDANT**

It is anticipated that the *pro se* plaintiff will make an attempt to argue or testify that the defendant former police officer David Pender had disciplinary matters or criminal charges against him for which he has no evidence beyond inadmissible hearsay. At the defendant's deposition on July 23, 2020, the pro se plaintiff posed questions to the defendant in which the *pro se* plaintiff about domestic assault charges against the defendant based on what he read in the newspaper (see attached transcript of the deposition of David Pender, pp. 8-11) in which he asked questions about a domestic matter between the defendant and his wife based on an article in the Lowell Sun Newspaper.

As reasons therefore, the questions are inadmissible hearsay, involve a matter which is not relevant to the claims that the *pro se* plaintiff brings for violation of his civil rights based on excessive force and unlawful arrest.

Further, it is anticipated that the *pro se* plaintiff will bring up a second matter which he read in the newspaper involving a claim against the defendant brought by a high school student at the Lowell High School Career Academy involving a civilian complaint of excessive force

1

which was dismissed for which there was no finding made against the defendant. (See transcript

of the defendant's deposition, pp. 12-13.)

Q Okay. Do you recall a time during your service
17 or in your career where charges were dropped against you in
18 the city of Lowell?
19 A You'd have to -- what -- I don't know what you're
20 talking about. Which -- what charges -- what --
21 Q Were there ever charges dropped against you for
22 assault?
23 A I have never --
24 THE REPORTER: I'm sorry. I didn't catch that.
25 THE DEPONENT: What's --
Page 9
1 MR. LOUISON: Hold on.
2 THE DEPONENT: I've only been charged --
3 MR. LOUISON: Okay. Go ahead. Go ahead and
4 answer.
5 BY MR. BEY:
6 A Yes. I've never been charged criminally for
7 anything, no. So and --
8 Q That's right. That's why I said, "Were charges
9 dropped".
10 A I -- Again, I don't know which -- what you're
11 talking about. During my work at work, I have never had
12 criminal charges taken out against me to -- for them to
13 have been dropped.
14 Q In your entire twenty -- I mean, 33 and a half
15 years of service?
16 A As a police officer, during my course of duty,
17 I've never been charged at work for a crime.
18 Q Okay. So where it says, "Domestic assault and
19 battery charges against a Lowell police officer have been
20 dropped, but the veteran officer remains on paid
21 administrative leave," is that --
22 A I was never --
23 MR. LOUISON: Where is that from? Leo, where are
24 you reading from?
25 MR. BEY: The Lowell Sun. This is the Lowell
Leonitus Jabir Bey v. Commonwealth of Massachusetts, et al.

Page 10
1 Sun's website by Christopher Scott. "Documents Lowell
2 District Court indicate that Officer David Pender, 47, of
3 18th Street, and his wife, Melissa Pender, of the same

4 address, signed an accord and satisfaction agreement, which
5 essentially means Melissa Pender will not press charges."
6 The document dated January 16, states, "The complainant
7 acknowledged that she has been satisfied as to any and all
8 injuries arising out of the incident which is the subject
9 of the complaint. Both parties mutually release each other
10 from any and all claims, civil or otherwise, arising from
11 the incident or any incident prior to this date."
12 BY MR. BEY:
13 Q Is that not you, Mr. Pender Allen?
14 A All right. So I -- You asked me if I was at work
15 when I was charged. That was an off-duty incident with me
16 and my wife, and all charges were dismissed on that. It
17 wasn't work-related.
18 Q The report says -- indicates that "Officer David
19 Pender." It doesn't say, "David Pender Allen."
20 MR. LOUISON: Well, that's right, and that's why
21 they identified him. You asked him if he had any charges
22 as a police officer, and he said no. So this is an -- and
23 this was a private off-duty matter.
24 MR. BEY: Oh, so they just referred to him as an
25 officer just for identification.
Page 11
1 MR. LOUISON: Right.
2 MR. BEY: So even if it --
3 MR. LOUISON: Right.
4 MR. BEY: So even in his off-duty capacity, he's
5 still an officer?
6 MR. LOUISON: No. They just identified him.
7 It's like -- like if I -- something happened outside of
8 work for me, they might call me "Attorney Louison got in a
9 fight on a golf course." Do you know what I'm saying?
10 It's not like I got in a fight in the court. They're just
11 identifying them as who they are for interest. I don't
12 know if that's a good example, but -- but anyway, he told
13 you there was a private matter in which there was a charge
14 and it's been dismissed.
15 MR. BEY: All right. Well, the Lowell Sun also
16 has another incident where Mr. Pender -- but this time he
17 was a patrolman. "Lowell Patrolman David Pender, a 28-year
18 veteran of Lowell Police Department, will soon learn if he
19 keeps his job after an internal investigation found the
20 officer used unnecessary force in an altercation involving
21 a 16-year-old student at the Lowell High School Career
22 Academy."
23 MR. LOUISON: What are you reading from? Could

24 you -- Leonitus, could you just identify what you're
25 reading?
Page 12
1 MR. BEY: It is also the Lowell Sun.
2 MR. LOUISON: Does it have a date on there?
3 MR. BEY: The date is -- It was published January
4 13, 2017, and updated July 11, 2019.
5 MR. LOUISON: Okay. Thanks.
6 BY MR. BEY:
7 Q "The 87-page report, obtained through a public
8 records request, The Sun has been forwarded to City Manager
9 Kevin Murphy." But was this while you were on duty or off
10 duty?
Page 13
1 THE DEPONENT: I can hear you again now. Yes.
2 MR. BEY: Okay. So I was just reading the second
3 Lowell Sun article where you were charged as a patrolman --
4 as Patrolman David Pender Allen, for excessive force on 16-
5 year-old student at Lowell High School Career Academy.
6 MR. LOUISON: Okay. So ask him a question about
7 it and he'll answer it.
8 BY MR. BEY:
9 Q Was this while you were on duty or off duty?
10 A The incident regarding the high school student
11 was on duty. I wasn't criminally charged. I was -- He
12 filed a complaint at the police station. So it was
13 administrative.
14 Q Oh, so it was administrative. It never made it
15 to an actual charge?
16 A Correct.
17 Q Now, did you strike the 16-year-old while he was
18 cuffed?
19 A No, I did not.
20 Q Okay. And the incident -- There's another
21 incident, off the top of my head, where -- involved you and
22 a fellow female officer. And your comment in the report
23 was she didn't deserve what she got, after she sued the
24 City for however much millions for an alleged -- I think it
25 was assault, another assault and battery. You and a fellow
Page 14
1 officer may have broke up -- a female officer -- and then
2 she won a case against the State. And then you commented
3 in the report, that she shouldn't have gotten what she
4 gotten. Why did you -- why was that comment -- Why didn't
5 you think she deserved what she got?
6 A You're talking -- Are you talking about the

7 Vanessa Dixon case?
8 Q Yes.
9 A Okay. Vanessa Dixon sued the National IBPO. I
10 was on -- I was listed as a co-defendant on it because I
11 was on the bus. And in federal court, I was exonerated of
12 all charges.
13 Q I know. But you were also a suspect in the --
14 you were a suspect in the crime.
15 A To be a suspect, you have to be charged with
16 something.
17 Q Well, while the investigation of -- that's true.
18 You're right. That's why Mass. is holding the
19 investigation now, to see if we can get that capacity away
20 from you guys so you can't beat the charges anymore. So we
21 are doing that.
22 A That's fine.

It is anticipated that the plaintiff will argue or testify that the defendant was involved in a matter which resulted in a civil suit in which he was listed as a co-defendant.

The *pro se* plaintiff has no independent information other than what he has read in the newspaper. There was no finding of liability of any type against the defendant Pender. The matters are not relevant to the *pro se* plaintiff's claims and the *pro se* plaintiff stating them will unduly prejudice the defendant.

WHEREFORE, the defendant respectfully requests that the court order the *pro se* plaintiff prior to trial to refrain from the mentioning either in argument or his testimony of the matters listed above.

The Defendant,
By his attorney,

/s/*Bradford N. Louison*
_____
Bradford N. Louison, Esq. BBO#305755
blouison@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street
Boston, MA 02110
(617) 439-0305

Dated: June 9, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused the foregoing to be served by first class mail or via email to:

Leonitus Jabir Bey
P.O. Box 1934
Lowell, Mass 01854
ryamexum@gmail.com

/s/*Bradford N. Louison*

Bradford N. Louison

Dated: June 9. 2021