UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEONITUS JABIR BEY,
    Plaintiff,

C.A. NO.: 19-10219- PBS

v.

DAVID PENDER,
    Defendant

**SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF THE MOTION IN LIMINE TO
PREVENT INCLUSION OF ANY PRIOR DISCIPLINE
OR CRIMINAL CHARGES AGAINST
DEFENDANT AS EVIDENCE**

Now comes the defendant David Pender in support of Motion in limine # 47 to prohibit the *pro se* plaintiff from including the Defendant's prior acts of misconduct as admissible evidence. It is anticipated that the *pro se* plaintiff will attempt to discuss three incidents (Exhibits 1, 2 and 3) which preceded the matter at issue in this case. The first will be an incident involving a domestic assault and battery on January 1, 2013, between the defendant and his wife in which he was arrested for assault and battery.[1] (PDF page 24). The criminal charges were dismissed (see report PDF page 24) and the six-month suspension imposed by the City of Lowell (PDF page 12) dated January 28, 2014, was conditionally suspended with 10 punishment days.

The second will be the disciplinary matter involving complaints of violating internal Police Department Rules and Regulations against the defendant and other officers regarding an incident which occurred on October 26 and 27, 1998 on a union trip to Boston. The defendant was suspended by the Lowell Police Department for a period of one year, the suspension was later reduced to six months by the Civil Service Commission by order of January 16, 2001 (PDF

---

[1] Exhibit 2 has some additional documents in it relating to the 1998 incident.

1

pages 3-40). On page 33 of the PDF, the Civil Service Commission states that Pender was charged with a number of violations of the Lowell Police Departments Rules & Regulations, including verbally assaulting a female officer with profanity, and gender related and sexual harassing remarks, and that Officer Pender was not totally honest when answering questions that were being asked by Internal Affairs. They found discipline warranted but reduced the one-year suspension to six months.

The third will be a disciplinary matter regarding a charge of unnecessary force occurring on September 15, 2016, involving a student at a school in Lowell where the defendant was the school resource officer. The investigation report begins on PDF page 3. The defendant was found to have slapped and put his hand on the neck of an unruly student. The discipline for this matter is contained in Exhibit 2 (PDF page 38) which is dated January 24, 2017, imposing a suspension of six months for which all but 90 days was suspended.

The incidents detailed above are not admissible as evidence to prove prior misconduct equates to a propensity for violence in the place of employment, as the *pro se* plaintiff will attempt to do.

Under The Federal Rules of Evidence ("FRE") rule 404(b)(1), prior crimes, wrongs, or acts are not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character or trait. Fed Rules Evid 404. FRE rule 404(b)(2), however, provides exceptions to this rule by allowing for the inclusion of such evidence when the purpose is to prove motive, intent, identity, preparation, plan, knowledge, lack of accident or absence of mistake. For our purposes, the focus will be on the defendant Pender's alleged motive or intent.

Even if evidence is admissible under FRE 404(b)(2), the substantial relevance of the

evidence will still be gauged pursuant to FRE 403 "Balancing Test." Using FRE 403 Balancing Test, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of prejudice, such as confusing the issues, misleading the jury, etc. Fed Rules Evid 403. Pursuant to FRE 403, evidence of the Defendant's suspension resulting from charges of domestic abuse and battery (PDF page 24) and suspension resulting from allegations of sexual harassment (PDF page 33) will not be admissible, as the probative value of such evidence is greatly outweighed by the prejudicial effect the evidence will have on the jury. Disclosure of such information would arouse emotions in the jury such as bias and hostility; prejudicial reactions which outweigh any probative purpose that the evidence may serve in regard to the Defendant's modus operandi or intent.

  Prior misconduct in a civil matter is routinely evaluated under FRE 403 rather than FRE 404 based on the minimal purpose that motive and intent often serve in civil matters. However, it is anticipated that the *pro se* plaintiff will attempt to make the Defendant's motive and intent a point of contention, thus giving FRE 404 applicability in this civil matter. The evidence of past misconduct is likely to be relevant for reasons such as dangerousness or foreseeability. Such evidence will only be germane, however, if a foundation of substantial similarity of conditions is laid. In order to lay such foundation, the *pro se* plaintiff must show that all essential conditions of the prior crimes and current allegations are substantially similar and close in time. The prior misconduct of the Defendant Pender involving a student at a school in Lowell (PDF page 3) illustrates no circumstances similar to the traffic infraction which the *pro se* plaintiff was involved in. The only essential condition of the prior misconduct that resembles the traffic infraction involving the *pro se* plaintiff is the Defendant's aggressive tendency, which would be deemed a character trait and thus would be inadmissible under FRE 404(b)(1).

Additionally, the two events in focus, the prior misconduct, and the traffic infraction, were not close enough in time so as to make them comparable. The prior misconduct that the *pro se* plaintiff will attempt to admit as evidence occurred in September of 2016, while the traffic infraction involving the *pro se* plaintiff occurred in January of 2019.

Further, even if the essential conditions of the prior misconduct were so substantially similar and close in time under FRE 404(b)(2), they would not pass muster when evaluated under FRE 403. Under FRE 403, the fact that the involved party was a minor is a detail that would likely arouse emotion in the jury and create a prejudicial effect outweighing any probative value the evidence may present.

Finally, evidence of the Defendant's prior misconduct has no "special relevance" to the conduct being alleged by the *pro se* plaintiff. The court looks to ascertain whether evidence has a "special relevance" by determining whether the evidence is being offered to establish some material fact, not just to show a defendant's evil inclination. See Veranda Beach Club Ltd. P'ship v. W. Sur. Co., 936 F.2d 1364 (1st Cir. 1991) (holding evidence of prior misconduct to be excluded as it would not have "filed the gaps" of the material issues). No material facts would be enhanced or determined by the inclusion of Defendant Pender's prior misconduct as evidence in this matter and such evidence would merely be testimony to the *pro se* plaintiff's allegations of Defendant Pender's "evil inclination." Therefore, pursuant to Veranda, the evidence of Defendant Pender's prior misconduct should be excluded on the grounds that it has no relevance as to the establishment of some material fact in question.

WHEREFORE, the defendant respectfully requests that the court order the *Pro Se* plaintiff be prohibited from including prior acts of misconduct on behalf of the defendant as admissible evidence.

The Defendant,
 By his attorney,

/s/*Bradford N. Louison*

---

Bradford N. Louison, Esq. BBO#305755
blouison@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street
Boston, MA 02110
(617) 439-0305

Dated:  July 1, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused the foregoing to be served by first class mail/email or ECF to:

Leonitus Jabir Bey
P.O. Box 1934
Lowell, Mass 01854
ryamexum@gmail.com

/s/*Bradford N. Louison*

---

Bradford N. Louison

Dated:  July 1, 2021